WILLIAM M. DAVIS, ADMINISTRATOR, PLAINTIFF IN ERROR, v. JACOB F. CLARK, DEFENDANT IN ERROR.

Where a deed is made and accepted, in pursuance of an executory contract, the law presumes that it fully expresses the final intentions of the parties as to so much of the contract as it purports to execute.

Error to the Supreme Court.

For the plaintiff in error, *S. H. Grey*.

For the defendant in error, *M. P. Grey*.

The opinion of the court was delivered by

THE CHANCELLOR. The writ of error in this case is brought to reverse a judgment of non-suit in an action of *assumpsit* brought to recover damages for the alleged deficiency in quantity of land (a farm in Gloucester county,) sold and coveyed by the defendant to Josiah Davis, the plaintiff's intestate, in 1864. The plaintiff avers that the vendor sold and the vendee bought the property as containing two hundred and forty-four acres, while, in fact, it contained only about two hundred and twenty-four. The alleged deficiency was not discovered until nine or ten years after the conveyance, when it was disclosed, as it is said, by a survey made by Thomas W. Davis, the vendee's grantee. The deed to Josiah Davis described the property as the plantation called Pleasant Meadows, and by metes and bounds, courses, distances and monuments, and stated at the end of the description that it conveyed all the land within the boundaries, be the quantity more or less. Thus, it will be seen that the deed not only shows that no representation as to the quantity was made, but also that it was understood and agreed that there should be none. It appears, by the testimony, that the property was bought for a gross sum, $21,000, and not by the acre. Where a deed is made and accepted in pursuance of an executory con-

tract, the law presumes that it fully expresses the final intentions of the parties as to so much of the contract as it purports to execute. *Long* v. *Hartwell*, 5 *Vroom* 116 ; *Andrews* v. *Rue*, 5 *Vroom* 402. In this case the deed purported to convey the whole of the property which was the subject of the bargain, and to execute the whole of the contract.

The plaintiff, therefore, in the absence of fraud, is precluded from maintaining this action. Not only is no fraud proved, but none is alleged, and even the intention to impute it is disclaimed.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, MCGREGOR, PATERSON, WHITAKER. 12.

*For reversal*—None