RICHARD B. DISBROW, Respondent, *v.* SAMUEL E. HARRIS, Appellant.

Where a deed is made and accepted pursuant to an executory contract to sell and convey, containing stipulations, on the part of the vendor, of which the conveyance is not necessarily a performance, in the absence of evidence other than the instruments themselves, there is no presumption of intention on the part of the grantee to give up the benefit of the stipulations, or that they are satisfied by the conveyance.

Where, however, to complete the performance, and as a preliminary to a conveyance under it, the parties agree that part of the purchase-money shall be retained by the purchaser, and its payment is made dependent only upon the performance of certain of the stipulations in the original

contract, it may be assumed, in the absence of fraud, the parties intended that, with the exception of the stipulations in the second agreement, the provisions of the original contract should be treated as satisfied by the conveyance.

In an action by the grantor to recover a portion of the purchase-money so retained, it is the proper subject of a counter-claim that defendant, at the time of the conveyance, was induced to accept the same and to enter into the new agreement by false representations on the part of the grantor to the effect that the stipulations in the original contract, not mentioned in the second, had been performed.

Plaintiff contracted to sell to defendant certain premises for $25,000; the contract contained a provision that plaintiff would deliver the house on the premises in good condition and put in three new grates. Defendant subsequently paid all of the purchase-money except $350, which was retained pursuant to an agreement to the effect that $50 was allowed for grates not in, and the balance should be retained to secure completion of sidewalks and iron gate, and when this was done, the same was to be paid by the purchaser. In an action to recover the $300, defendant alleged, by way of counter-claim, that the house was not delivered in good condition, various defects being specified; that when these defects were discovered, plaintiff's attention was called thereto and he promised to make the necessary repairs, and, at the time of closing the contract, stated that the work had been done, when, in fact, it had not been; that defendant, supposing the statement to be true, took the deed, entered into the new agreement and paid the balance of the purchase-money. *Held*, that the averments of the counter-claim, although they might have been insufficient on demurrer, yet contained the elements of fraud sufficient for the purpose of the trial; that plaintiff was entitled to overcome the effect of the new agreement, so far as it was made an obstacle to the operation of the stipulation in the original contract, by showing the fraud; and that, therefore, rejection of evidence to establish the counter-claim was error.

*Disbrow* v. *Harris* (23 J. & S. 433), reversed.

(Argued October 6, 1890; decided October 21, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 9, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Jacob F. Miller* for appellant. The contract between the parties contained a provision that the house then in process of

construction should be delivered in good condition. This provision was not merged in the deed which was given by the plaintiff to. the defendant. (*Phillips* v. *Phillips*, 1 P. Wms. 44; *Bascom* v. *Smith*, 34 N. Y. 320; *Forbes* v. *Moffatt*, 18 Ves. 389; *James* v. *Johnson*, 6 Johns. Ch. 417; *Atwood* v. *Carpenter*, 27 Barb. 639; *Pardage* v. *Cole*, 1 Saund. 320; *Parmelee* v. *O. & S. R. R. Co.*, 6 N. Y. 74; *Witbeck* v. *Waine*, 16 id. 532; *Morris* v. *Whitcher*, 20 id. 41; *Davis* v. *Lottich*, 46 id. 393; *Murdock* v. *Gilchrist*, 52 id. 242; *Smith* v. *Holbrook*, 1 Sheld. 474; *Hill* v. *S. B. & N. Y. R. R. Co.*, 8 Hun, 299.) It was incumbent upon the plaintiff to show affirmatively that it was intended by the parties that the delivery of the deed should be regarded as a complete execution of the contract. (*F. C. Co.* v. *Metzger*, 118 N. Y. 260, 265; *O. I. Co.* v. *Roach*, 117 id. 531; *Parke* v. *F. A. T. Co.*, 120 id. 51; *Dekay* v. *Bliss*, Id. 97; *Bartlett* v. *Wyman*, 14 Johns. 259; *Crosby* v. *Wood*, 6 N. Y. 369; 2 Pars. on Cont. 437; *Vanderbilt* v. *Schreyer*, 91 N. Y. 372; *Robinson* v. *Jewett*, 116 id. 53; *Newberry* v. *Furnival*, 46 How. Pr. 139; 56 N. Y. 638; *People* v. *Connor*, 46 Barb. 333, 335; *Giles* v. *Caines*, 3 Cai. 107.) The counter-claim should have been allowed, because it related to and grew out of the same transaction, and was itself a cause of action on contract. (Code Civ. Pro. §§ 501, 502; *Sandford* v. *Travers*, 40 N. Y. 143; *Isham* v. *Davidson*, 52 id. 240; *Moore* v. *Rand*, 60 id. 212; *Briggs* v. *Hilton*, 99 id. 517; *Ferguson* v. *Baker*, 116 id. 261; *Littauer* v. *Goldman*, 73 id. 513; *Shepard* v. *M. R. Co.*, 117 id. 450; *Dounce* v. *Dow*, 57 id. 16; *Day* v. *Pool*, 52 id. 416; *Reed* v. *Randall*, 29 id. 352; *McCormick* v. *Larson*, 45 id. 265; *Cook* v. *Soule*, 56 id. 421; *Wetmore* v. *Bruce*, 118 id. 323.)

*Frederic W. Hinricks* for respondent. Oral evidence is not admissible to change the terms of a written agreement. (*Bush* v. *Tilly*, 49 Barb. 603.) The question of waiver by accepting a deed is solely one of intention. (*Morris* v. *Whitcher*, 20 N. Y. 41; *Howes* v. *Barker*, 1 Johns. 506; *Hough-*

*taling* v. *Lewis,* 10 Johns. 298; *Atwood* v. *Carpenter,* 27 Barb. 639–644; *Davis* v. *Lottich,* 46 N. Y. 393–398; *Eighmie* v. *Taylor,* 98 id. 288–295.)

BRADLEY, J.   The action was brought to recover the balance alleged to be due upon a contract, made between the parties, by which the plaintiff agreed to sell to the defendant certain real property, consisting of a house and lot in the city of New York, for $25,000, and on a day mentioned, on payment of the purchase-money, to convey the property to him with covenants of warranty.   The contract contained the provision that the plaintiff should deliver the house in good condition and put in three new grates.   The defendant afterwards paid all the purchase-money payable to the plaintiff, except $350, which sum was retained by the defendant pursuant to agreement made by the parties as follows : " On closing contract between Richard B. Disbrow and Samuel E. Harris there has been allowed to Mr. Harris $50 for grates (not in) and Mr. Harris has retained $300 to secure completion of sidewalks and iron gate on stoop, and when done said Disbrow is to receive the $300."   This last-mentioned agreement was in writing subscribed by the parties, and is the subject of allegation in the complaint.   The defendant, by way of counter-claim, alleged that the house was not delivered to him in good condition, and specifically alleged defects, not including any failure of the plaintiff to perform the last-mentioned agreement.   The question arises upon exceptions taken by the defendant to the exclusion of evidence offered by him to prove such defective condition.   When a deed of conveyance is made and accepted pursuant to an executory contract to sell and convey land containing stipulations of which the conveyance is not necessarily a performance, the question whether such stipulations are surrendered is treated as one of intention ; and in the absence of evidence upon the subject there is no presumption of intention to give up those benefits or that they are satisfied by the conveyance.   (*Morris* v. *Whitcher,* 20 N. Y. 41 ; *Whitbeck* v. *Waine,* 16 id. 532 ;

*Murdoch* v. *Gilchrist*, 52 id. 242.) The provision, before referred to, in the contract for the sale of the premises, came within this rule, and the benefit of it to the defendant may have survived the conveyance if nothing had intervened to have defeated it. But when, to complete the performance of the contract and as preliminary to the conveyance, the parties came together and made the agreement to the effect that the payment of the small amount retained of the purchase-money was made dependent only upon the performance of the certain things therein specifically mentioned, it may be assumed that they intended that with that exception, the provisions of the contract should, in all other respects, be treated as satisfied by the conveyance thereupon made, and such was its effect unless the defendant may in some manner be relieved from it. Fraud on the part of the plaintiff would vitiate it, and enable the defendant to avail himself of the non-performance of the stipulation upon which he relies in the original contract. But this was matter of affirmative defense or counter-claim on the part of the defendant, and fraud must be alleged to enable him to introduce evidence in its support. His counsel here contends that this was done. Whether he did this sufficiently to render the excluded evidence competent, is the main question for consideration. The defendant alleged in his answer that the plaintiff did not deliver the house in good condition, and specified the defects of which he complained, and added that when those "defects were discovered, attention was called to them and the plaintiff promised to make the requisite changes and repairs, and, at the time of closing the contract of sale, he stated that the said work had been done, when in fact it had not been done, as he well knew. But supposing that the plaintiff's statements were true that he had done the work, the deed was taken and the money paid as aforesaid." After stating some other matters, he alleged damages for which he demanded judgment. If the defendant intended to found his claim upon fraud, he did not very well allege it, and although they might not be effectual as against a demurrer, his allegations, somewhat inartificially made, did contain the

elements of fraud on the part of the plaintiff. And for the purpose of a trial the same strictness is not applicable as in the disposition of the specific objection taken by demurrer. (*Koop* v. *Handy*, 41 Barb. 454; *Whittlesey* v. *Delaney*, 73 N. Y. 571.) That the representations were untrue to the knowledge of the plaintiff and material, and that the defendant was induced by them to enter into a new agreement to pay the residue of the purchase-money upon the terms there mentioned, were facts which would tend to support the charge of fraud, and those were the facts substantially alleged by him. The defendant upon that ground should have been permitted to give evidence to overcome the apparent effect of that agreement so far as it, by the alleged fraud, was made an obstacle to the operation of the stipulation before mentioned, of the original contract. And in that view the rejected evidence to that extent and to prove the breach of that stipulation and the damages sustained by reason of its non-performance was competent. This was a proper subject of counter-claim. (Code, § 501.)

These views lead to the conclusion that the judgment should be reversed and a new trial granted, costs to abide the event.

All concur except Follett, Ch. J., and Brown, J., dissenting.

Judgment reversed.