T. THORDSON, Appellee, v. DIEDRICH KRUSE, Appellant.

**HUSBAND AND WIFE:** Conveyances—Spouse Releasing Dower Not Bound by Covenants—Estoppel. A husband is not bound (Sec. 2921, Code, 1897) by the covenants contained in a deed to land owned by the wife only,—he joining therein for the purpose of releasing his inchoate right of dower,—unless his liability is expressly stated on the face of the deed. (In the case at bar, where the title was in the wife, but the husband had contracted to convey and did convey the land *as his own*, it is suggested that, had an estoppel been pleaded, the husband might have been rendered liable.)

**HUSBAND AND WIFE:** Contract to Convey—Joint Contract to Convey Land Belonging to One Only—Breach—Liability of Non-Owner. A husband who negotiates a sale of land belonging to the wife and, with the wife, contracts in writing (a) to execute a deed to the land and (b) to furnish to the purchaser an abstract showing good title, is liable for the damage resulting from a failure to furnish such abstract, especially where the husband was to receive a large part of the purchase price, and where the purchaser did not know that the wife owned the land. This is true irrespective of Sec. 2921, Code, 1897, declaring, generally, the nonliability of the husband or wife on the deed of the other.

**DEEDS:** Construction—Merger of Prior Contract of Purchaser—Intent. A deed in the ordinary form, made and delivered in compliance with a former contract of purchase and sale, does not, in the absence of a contrary intent, merge the terms of such former contract in so far as such terms give to the purchaser rights collateral to and independent of the conveyance. Such terms may be shown and enforced, irrespective of the deed.

PRINCIPLE APPLIED: Plaintiff agreed to buy, and defendant to sell, certain land. In the contract, defendant agreed to deliver to plaintiff (a) a good and sufficient warranty deed and (b) an abstract showing clear title. Defendant executed and plaintiff accepted a deed to the land in the ordinary form. When the deed was delivered, it was agreed that defendant should have further time in which to furnish the abstract, with agreement that defendant would remedy any defects in title. Later, the abstract was furnished. It revealed a lien on the land and defects necessitating an action to quiet title. Defendant refused to remove the liens or otherwise perfect the title. Plaintiff did so. *Held*, (a) the contract "to deliver the deed" was necessarily merged in the accepted

deed, but (b) the contract "to deliver an abstract showing clear title" was not merged in the deed because *collateral and independent of the deed,* and therefore was enforceable.

HUSBAND AND WIFE:  Conveyance—Statute as to Covenants—
4   "Conveyance" and "Contract to Convey" Not Synonymous. The term "conveyance", as the same is employed in Sec. 2921, Code, 1897, exempting the husband from liability on the covenants of a "conveyance" by the wife of her own land (the husband joining therein to release inchoate dower), cannot be so enlarged by judicial construction as to include a "contract to convey" the lands of the wife only, signed by both husband and wife. The term "conveyance", as thus used, refers solely to an instrument which transfers the land, or some interest therein, from one person to another.

VENDOR AND PURCHASER:  Quieting Title—Defects Justifying—
5   Reasonable Cost.  Evidence reviewed, and *held* to show such defects of title as to necessitate an action to quiet title, with consequent liability on the part of defendant, on his contract to furnish clear title, for the reasonable cost of such action.

VENDOR AND PURCHASER:  Quieting Title—Action to Recover
6   Expense—Defense.  The mere fact that a vendee who was compelled to bring an action to quiet title included in such action, in order to save expense, other land than that purchased of the vendor, furnishes the vendor no ground for complaint, when sued on his contract for clear title, for the reasonable expense of quieting title to the land so sold.

*Appeal from Des Moines District Court.*—OSCAR HALE, Judge.

FRIDAY, DECEMBER 17, 1915.

ACTION on warranties resulted in judgment as prayed. The defendant appeals.—*Affirmed.*

*Hirsch & Riepe,* for appellant.

*Blake & Wilson* and *Mohland & Kuhlmeier,* for appellee.

LADD, J.—Frederick Brummond died in 1900, seized of 207 acres of land, title thereto passing to Elise Kruse and William Brummond. A collateral inheritance tax in the sum of $179.95 was established as a lien on this land, subsequent to the conveyances hereinafter mentioned, together with the costs of the action, amounting to $204.70. Brummond quit-

claimed his interest therein to Mrs. Kruse in February, 1901. Thereafter, her husband, Diedrich Kruse, negotiated a sale of the premises to the plaintiff, receiving $100 earnest money, and a written contract was entered into. This contract was dated Oct. 31, 1904, and recites the bargain to sell for the consideration of $11,150, and that possession should be given Mar. 1, 1906, on which date a warranty deed was to be delivered, "together with abstract of clear title to the purchaser". The parties undertook, also, to make certain improvements and to keep the buildings insured.

"T. Thordson, on his part, agrees to pay for the above described farm the sum of eleven thousand one hundred and fifty dollars, as follows: One hundred in cash at the signing of this contract, the receipt whereof parties of the first part hereby acknowledge; the balance of said purchase price, to wit, eleven thousand and fifty dollars, he agrees to pay on March 1, 1906, when deed and abstract as above provided are delivered to him. The purchase price is to be paid at the office of C. H. Mohland, in Burlington, Iowa, as follows: Five thousand dollars for Elise Kruse and the balance due for Mr. Diedrich Kruse.

"Signed on this 31st day of October, 1904.

"DIEDRICH KRUSE.
"ELISE KRUSE.
"THEO. THORDSON."

Payment was made by plaintiff March 1, 1906, and a deed to him executed by the Kruses, reciting that, upon receipt of the consideration: "We, Elise Kruse and Diedrich Kruse, her husband, . . . sell and convey" the land unto the plaintiff (describing it), and closing with the words: "And we hereby warrant the title to said premises against all persons whomsoever." The abstract was not furnished until some time later, and then the lien of the inheritance tax was discovered, and some other defects in the title. A suit to quiet title was prosecuted by plaintiff, and decree entered as prayed,

and the plaintiff seeks in this action recovery from defendant
for the income tax and costs paid by him, the expenses of the
suit in quieting title, and the value of plaintiff's time lost
in attending to perfecting the title.    Judgment was entered
as prayed, though it is said that, in so doing, several errors
were committed.

I. The title was in the name of Mrs. Kruse, and appellant
contends that, in joining in the conveyance, he was not bound
by the warranty contained there,—relying on Section 2921 of

1. HUSBAND AND
WIFE: convey-
ances: spouse
releasing dower
not bound by
covenants: es-
toppel.

the Code, which provides that "Where either
the husband or wife joins in a conveyance
of real estate owned by the other, the husband
or wife so joining shall not be bound by the
covenants of such conveyance, unless it is
expressly so stated on the face thereof."

The evident design of this statute was to relieve the hus-
band and wife, in joining in a deed of the property of the
other, from being bound otherwise than in releasing his or
her interest therein, unless otherwise so stated in the instru-
ment.    But for this statute, the husband would be liable on
a warranty in the deed of his wife, even though without inter-
est therein except his distributive share in the property.  *Bel-
lows v. Litchfield*, 83 Iowa 36.

At common law, the wife, though executing a warranty
deed of her own property while under coverture, would not
be liable on its covenants.   *Childs v. McChesney*, 20 Iowa 431.
Under our statutes emancipating the wife from the restric-
tions of common law, however, she is liable on such covenants,
but is not liable upon the covenants of warranty in the con-
veyance of land owned by her husband, the title to which is
not in her name and in which she has no interest.   In so
holding, the court, in *Thompson v. Merrill*, 58 Iowa 419,
declared that "The purpose of this statute evidently is to
exonerate the wife from liability upon the covenants in a
deed, when the title is not in her, and she unites with her
husband in a conveyance, for the purpose of surrendering

whatever rights accrued to her in the property by virtue of her marriage.'' See *Erickson v. Johnson,* 172 Iowa 12. But if either spouse has agreed to convey the land as his own and has executed a conveyance as such owner, he is estopped from so limiting his conveyance and the covenants of his deed. In other words, having undertaken to convey the land as his own, he is within the spirit of the section of the Code quoted, and is regarded as the owner of the land when attempting to convey. *Thompson v. Merrill, supra.* But estoppel was not pleaded and, for this reason, the decision may not be planted on that ground. The evidence shows that defendant nego-tiated the sale, and in the written contract, although signed

2. HUSBAND AND WIFE: contract to convey: joint contract to con-vey land belong-ing to one only: breach: liabil-ity of non-owner.

by his wife also, expressly agreed that a' war-ranty deed should be delivered, with assur-ance of a clear title to the purchaser, as exemplified in the abstract. Not only did he so agree, but the contract shows that he was to receive a part of the consideration derived from the sale of the land. The purchaser was not aware that the title of the land was in the wife, and had a right to rely upon the agree-ment of the defendant, as well as that of his wife, that the abstract would show a clear title and that he would warrant the title. Having undertaken, for a consideration represented by the contract as $6,500.00, to execute such a deed and fur-nish such abstract, on breach thereof he became liable for any consequential damages.

Appellant contends, however, that the contract was execu-tory, and that the execution of the deed was such a perform-ance of the contract that all provisions of the latter were

3. DEEDS: con-struction: merger of prior contract of purchaser: intent.

merged in the deed, relying on *Davenport v. Whisler,* 46 Iowa 287, and *Mathias v. Mathias,* 167 Iowa 81. Such is the rule where the contract and deed can be said to relate to like covenants or conditions; but it does not necessarily extend to rights collateral to and independent of the conveyances. As said in *Carey v. Walker,* 172 Iowa 236:

"We must not be understood as holding that, where the right claimed would vary, change or alter the agreement in the deed itself, or inheres in the very subject matter with which the deed deals, a prior contract, covering the same subject matter, can be shown as against the provisions of the deed; but we do hold that, where a contract provides for the conveyance of the real estate upon the payment of a certain sum, and gives to the purchaser certain rights, collateral to and independent of the conveyance, the making of the deed does not merge the collateral or independent agreement into the deed, so that they cannot be shown and enforced."

The exception to the general rule is clearly stated in *Morris v. Whitcher*, 20 N. Y. 41:

"In all cases, then, where there are stipulations in a preliminary contract for the sale of land, of which the conveyance itself is not a performance, the true question must be whether the parties have intentionally surrendered those stipulations. The evidence of that intention may exist in or out of the deed. If plainly expressed in the very terms of the deed, the evidence will be decisive. If not so expressed, the question is open to other evidence; and I think, in absence of all proof, there is no presumption that either party, in giving or accepting a conveyance, intends to give up the benefit of covenants of which the conveyance is not a performance or satisfaction."

In *Reed v. Sycks*, 27 Ohio State 285, the rule is well stated:

"In all cases of stipulations in a preliminary contract for the sale of land, of which the deed is not a performance, the true question is whether the parties have surrendered those stipulations. This is a question of intention of the parties. The evidence of that intention may exist in or out of the deed. There is no presumption that a party, in giving or accepting a deed, intends to give up the covenants of which the deed is not a performance or satisfaction."

In that case, this principle was recognized, and has been

applied uniformly and in a great variety of cases, among which are *Close v. Zell,* 141 Pa. 390; *Disbrow v. Harris,* 122 N. Y. 362; *Green v. Batson,* 71 Wis. 54 (5 Am. St. 194); *Letchworth v. Vaughan,* 77 Ark. 305.

Reverting to the contract, it will be observed that defendant merely undertook ''a good and sufficient warranty deed to be delivered''. The warranty deed delivered was executed in the performance of this stipulation and, as it related to the specific undertaking in the contract, must have been accepted in performance thereof. In accepting same, parties construed the contract with reference to the warranty stipulated. The plaintiff, having accepted warranty deed in the form tendered, is not in the situation, in the absence of any showing of fraud or mistake, to assert that it was not such a warranty as was contemplated in the contract,—in other words, that, part of the contract having been performed by the execution of the deed, it is merged therein, and neither party may rely upon it save as found in the deed.

The defendant also undertook to furnish an ''abstract showing clear title to the purchaser''. This undertaking was an agreement collateral to anything contained in the deed and, therefore, not necessarily merged therein. Ordinarily, the abstract is submitted to the purchaser long enough before consummation of the agreement to sell to afford him sufficient time for examination of the same. But here the submission of the abstract was exacted at the same time the deed was to be furnished; but this was not done until long after the payment of the consideration and the execution of the deed upon an understanding had that the abstract should be furnished later and, if there was anything wrong, it was to be fixed up as soon as the vendor could get around to it, and according to the terms of the contract.

Whether a deed has been accepted as performance of a collateral stipulation contained in a contract to convey land always depends upon the intention of the parties. Sometimes this is manifest from an examination of the written

instruments; but frequently, to ascertain this, resort must be had to extrinsic evidence, written or oral. *Slocum v. Bracy,* 55 Minn. 249 (43 Am. St. 499) ; *Loftus v. Reed,* (Kans.) 31 L. R. A. (N. S.) 457. By postponing performance of this stipulation and agreeing to remedy any defect, the parties clearly evidenced an intention that the receipt of the deed was not to be regarded as performance thereof. When the abstract was presented, it disclosed the existence of unpaid inheritance taxes as an incumbrance against the land, and also other defects; and, in order to render the abstract of title such as grantors had undertaken to furnish, it was necessary to pay these taxes, and also to procure quit claim deeds from or quiet title against persons hereinafter indicated. Expenses so incurred were necessary to make the abstract such as defendant had agreed to furnish, and in consequence of the breach of such stipulation. Not having title to the land, defendant was not bound by the warranty in the deed, but was liable on the breach of the stipulation to furnish an abstract showing clear title; and the measure of damages manifestly is the reasonable expense of doing whatever was necessary to be done in perfecting such an abstract.

II. It is argued, however, that the word ''conveyance'', as found in the statute quoted, should be given a broad construction, so as to include contracts for the sale of land, and appellant seems to rely upon *Gregg v. Owens,* (Minn.) 33 N. W. 216. There, the statute construed provided that ''No conveyance or contract for the sale of real estate or of any interest therein by a married woman . . . shall be valid unless her husband join with her in such conveyance.'' The court held that the term ''such conveyance'' referred to the word ''contract'', as well as ''conveyance''. This was evident from the language of the statute. As the word is ordinarily used, in statutes in relation to real estate, ''conveyance'' means the deed or act or instrument by which property in real estate is transferred. *Dudley v. Sumner,* 5 Mass. 438, 470;

**4. HUSBAND AND WIFE:** conveyance: ''conveyance'' and ''contract to convey'' not synonymous.

*Brown v. Fritz*, 13 N. H. 283. The meaning of the word nec-essarily depends somewhat on the context and the connection in which it is employed. The connection in which this Section 2921 is found leaves no doubt that by "conveyance" was meant the transfer of the land or some interest therein from one person to another, and not the promise or agreement to transfer.

IV. It is said that there was no proof of defects in the title, and therefore the expense in quieting the title and in perfecting the abstract ought not to have been allowed.

5. VENDOR AND PURCHASER: quieting title: defects justify-ing: reasonable cost.

Counsel evidently have overlooked the testi-mony of Beckman, disclosing that one defect was in that a wife did not join in the execu-tion of a deed in the chain of title; another, that there was a failure to state that the grantor was a single man; another, that, in partition proceedings, the petition had failed to state that the parties defendant were the only heirs, or whether they were minors, and omitted to state names of their spouses; that there appears to have been no proper service on minors; and that there was a misdescription in one deed.

If plaintiff included lands owned by himself, in order to save expense to both parties in an action to quiet title, it is not a matter of complaint, as it was for defendant's benefit. The

6. VENDOR AND PURCHASER: quieting title: action to re-cover expense: defense.

testimony as to the value of services rendered is undisputed. Mohland testified that, for his services as an attorney and his expenses in the matter of quieting title, $150 was rea-sonable, and we have no reason to interfere with the district court's conclusion that this was the fact.

Discovering no error in the record, the judgment is—
*Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.