Argued October 11, affirmed November 20, 1923.

# H. J. VAN HEE *v.* DAISY D. RICKMAN AND EDWARD B. RICKMAN.

(220 Pac. 143.)

**Deeds—Acceptance of Deed Pursuant to Agreement Satisfies Previous Covenants.**

1. Generally, acceptance of a deed pursuant to an agreement to convey land is *prima facie* in execution of the contract, and satisfies and extinguishes all previous covenants relating to or connected with the title, possession, quantity or emblements of the land.

**Deeds—No Presumption That Grantee Intended to Surrender Benefits of Contract Provisions not Intended to be Incorporated in Deed Unless It Purports to Execute Them.**

2. Unless a deed accepted in pursuance of a prior contract purports to execute provisions not intended to be incorporated in, or not necessarily performed or satisfied by execution and delivery of the deed, there is no presumption that grantee intended to surrender the benefits of such stipulations or that they are satisfied by the conveyance.

**Deeds—Vendee Accepting Deed Held not Deprived of Benefit of Vendor's Unincorporated Covenant to Pay for Sidewalk.**

3. Conveyance of land pursuant to an agreement requiring grantor to pay the cost of a sidewalk and curb *held* not a performance of such covenant, so as to extinguish grantee's right to require such payment by grantor, in the absence of evidence that grantee, on accepting the deed, intended to give up such benefit.

**Appeal and Error—Findings Supported by Evidence and Conclusions Therefrom Conclusive Against Appellant.**

4. Findings warranted by evidence and conclusions therefrom adverse to appellant are conclusive against him.

From Multnomah: W. N. GATENS, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Paul M. Long* and *Messrs. Christopherson & Matthews,* with an oral argument by *Mr. Q. L. Matthews.*

For respondent Van Hee there was a brief and oral argument by *Mr. L. E. Crouch.*

McCOURT, J.—Plaintiff commenced this action against the defendant to recover damages for the breach of a contract for the sale of real property. The cause being at issue and the parties consenting, a trial was had to the court without a jury. The court made findings and gave judgment in favor of plaintiff. Defendant appeals.

Defendant owned Lot 1 in Block 80 in the town of Sellwood, now part of the City of Portland, Multnomah County, Oregon, and on November 3, 1920, contracted to sell and convey the same to plaintiff. The terms of the agreement between plaintiff and defendant were expressed in a written memorandum subscribed by defendant, a copy of which follows:

"Portland, Oregon, 11–3, 1920.

"Received of Henry J. Van Hee, One Hundred Dollars, part payment on Lot 1, Block 80, Sellwood Portland, Ore., Terms $1,000 cash and Lot 3, Block 4, Gilham's Add. to Portland. Said Lot 1, Blk. 80 to be clear of all encumbrances except improvement of Sherrett Ave. Sidewalk, curb and sewer to be paid in full.

"$100.

"DAISY D. RICKMAN."

On November 17, 1920, or the day following, defendant delivered to plaintiff a general warranty deed, executed by herself and her husband Edward B. Rickman, conveying the above-described premises to plaintiff, and at the same time plaintiff paid to, and expended in behalf of, defendant the sum of $900 cash, and conveyed to her Lot 3, Block 4, Gilham's Addition to Portland. The deed from defendant to plaintiff contained the covenant by the grantors—

" * * that the above granted premises are free from all encumbrances, except the bonded lien of Sherrett Avenue, which grantee assumes and agrees to pay."

Defendant failed and neglected to pay $257.49, the cost of a cement sidewalk and curb that had been constructed by the city in front of the premises in November, 1919. While the city, under its charter, was entitled to assess the cost of the improvement against the property in suit and to impress a lien thereon for its payment, the proceedings necessary to perfect the lien had not been completed at the time of the delivery of the deed.

The records of liens of the City of Portland did not disclose that the city had any claim or lien upon the premises for the cost of constructing a sidewalk and curb in front of, or around, the same; plaintiff supposed that the cost of the improvement had been paid by defendant, and was so informed by the husband of defendant, and accordingly accepted the deed tendered by defendant, and paid to her the full amount of the consideration called for by the preliminary contract.

After delivery of the deed, and on November 22, 1920, the amount assessed against defendant's property for the construction of the sidewalk and curb

mentioned was entered in the city lien docket, and became a lien against the property.

About November 25, 1920, defendant received official notice, which she immediately communicated to plaintiff, that the charge for the sidewalk and curb had been docketed as a lien against the property. Plaintiff demanded that defendant pay the amount thereof, and she refused. Thereafter plaintiff paid and discharged the lien, and brought this action to recover the amount so paid.

At the trial in the Circuit Court, defendant contended that the preliminary contract between the parties upon which plaintiff's action is founded was satisfied and extinguished by the deed given and accepted in pursuance thereof, and that consequently plaintiff could not maintain his action.

Defendant's principal assignments of error are directed at the rejection of the above stated contention by the Circuit Court.

1. It is a general rule that acceptance of a deed in pursuance of articles of agreement for the conveyance of land is *prima facie* in execution of the contract, and satisfies and extinguishes all previous covenants which relate to, or are connected with, the title, possession, quantity or emblements of the land which is the subject of the contract: *Winn* v. *Taylor,* 98 Or. 556, 576 (190 Pac. 342, 194 Pac. 857), and authorities cited therein.

2. The foregoing rule, however, does not apply to provisions in the antecedent contract which are not intended by the parties to be incorporated in the deed, or which are not necessarily performed or satisfied by execution and delivery of the stipulated conveyance. And unless the deed accepted in pursuance of the prior contract purports to execute such pro-

visions, there is no presumption that the grantee
intended to surrender the benefits of stipulations of
the character last mentioned or that they are satis-
fied by the conveyance: 2 C. J. 271, and cases cited
in notes 81 and 82; *Morris* v. *Whitcher,* 20 N. Y. 41,
46; *Bennett* v. *Adams,* 41 Barb. (N. Y.) 625; *Disbrow*
v. *Harris,* 122 N. Y. 362 (25 N. E. 356); *Brennan* v.
*Schellhamer,* 13 N. Y. Supp. 558; *Sage* v. *Truslow,* 88
N. Y. 240, 243; *Selden* v. *Williams,* 9 Watts (Pa.),
12; *Caveny* v. *Curtis,* 257 Pa. St. 575, 581 (101 Atl.
853); *Reid* v. *Sycks,* 27 Ohio St. 285; *Davis* v. *Clark,*
47 N. J. Law, 338 (1 Atl. 239); *In re Null,* 2 Fed. 71,
73.

3. The memorandum of agreement subscribed by
defendant required the latter: (1) To make a convey-
ance, and (2) To pay in full the cost of the sidewalk
and curb theretofore constructed in front of the
property. Defendant performed the first of such un-
dertakings, but did not perform the second, either in
whole or in part, but she now claims that the per-
formance of the first of such obligations satisfies
both.

It is conceded that at the time of the preliminary
contract between the parties, and at the date of the
delivery of the deed to plaintiff, the charge for the
sidewalk and curb was not an encumbrance upon the
premises. Defendant agreed to pay the amount
thereof, so that it might not become a lien upon
the property after plaintiff acquired the same. Part
of the consideration moving from defendant in the
transaction between the parties, consisted of payment
of that charge.

Payment was to be made to the city. Obviously,
the conveyance to plaintiff did not satisfy the claim
of the city. Did such conveyance then extinguish the

right of plaintiff to require defendant to make the payment?

Manifestly, it was not the intention of the parties to incorporate in the deed, the obligation of the defendant to make the payment under consideration. It is also clear that execution and delivery of the deed called for by the prior contract did not necessarily constitute performance of the antecedent agreement of defendant to make that payment. The deed accepted by plaintiff does not purport to execute that agreement.

In that situation, the conveyance itself did not constitute performance of the covenant to pay for the sidewalk and curb, and plaintiff cannot be deemed to have surrendered the benefits of that provision of the prior contract, unless the evidence shows that plaintiff, upon accepting the deed, intended to give up those benefits: *Morris* v. *Whitcher,* 20 N. Y. 41, 46; *Disbrow* v. *Harris,* 122 N. Y. 362 (25 N. E. 356).

4. The evidence given at the trial clearly warranted a finding by the trial court, that the deed accepted by plaintiff was not intended by either of the parties as a satisfaction of the stipulation of the prior agreement which imposed upon defendant the obligation to pay for the sidewalk and curb in front of the premises conveyed. Therefore the findings and conclusions of the trial court adverse to the defendant are conclusive against the latter.

The judgment of the Circuit Court is affirmed.

Affirmed.

McBride, C. J., and Bean and Brown, JJ., concur.