(No. 4835. May 31, 1928.)

RAMON R. CHRISTIANSEN, Respondent, v. INTER-
MOUNTAIN ASSOCIATION OF CREDIT MEN, a
Corporation, Appellant.

[267 Pac. 1074.]

B. W. Davis, for Appellant.

A. E. Later and Samuel Adelstein, for Respondent.

GIVENS, J.—Appellant-defendant agreed to convey to respondent-plaintiff certain land and to execute therefor a special warranty deed. The deed was executed at the time the contract was made. Defendant further agreed to furnish an abstract of title to the property "showing same to be clear of any and all liens except as herein mentioned and the said abstract shall be delivered to second party in compliance with the terms of this agreement."

The only liens indicated in the contract referred to an unpaid mortgage and the current taxes.

Upon plaintiff's compliance with the terms of the agreement, the special warranty deed was delivered to and

accepted by the plaintiff. Nothing was said therein concerning the abstract of title. No abstract has ever been furnished.

After accepting the deed plaintiff discovered that the taxes for 1921–1922, amounting to $176.11, had not been paid, and upon defendant's refusal to pay them, plaintiff did so in order to protect his property. He then brought this suit relying for recovery on two causes of action as follows:

First, he alleged that the contract of sale had been breached by conveying the premises subject to a tax lien of $176.11, the contract having provided that an abstract would be furnished showing the property free of all liens.

The second cause of action on which he relied (number 3 in the complaint), in which the first was incorporated by reference, alleged that no abstract had been furnished, and that the reasonable value of such an abstract was $50.00.

Plaintiff recovered on both causes of action.

Appellant makes numerous assignments of error but the sole question raised is whether there was a merger of the provisions of the contract in the deed.

■ It seems to be well settled that ordinarily the provisions of an executory contract for the sale of land and all prior negotiations leading up to it are merged in a subsequent deed. (*Thordson v. Kruse,* 173 Iowa, 268, 155 N. W. 334; *Norment v. Turley,* 24 N. M. 526, 174 Pac. 999; *Van Hee v. Rickman,* 109 Or. 357, 220 Pac. 143; *Woodson v. Smith,* 128 Va. 652, 104 S. E. 794; Devlin on Real Estate, 3d ed., sec. 850a; see, also, 18 C. J. 270.)

It will be presumed that it was the desire of the parties to consider the deed as the final expression of their mutual intentions. If the covenants in the contract relate to the conveyance, or inhere in the very subject matter with which the deed deals, they are merged in the deed and any reference to them in the deed will be considered as final even though the deed contradict the contract. (*Woodson v. Smith, supra.*)

■ To the general rule that there is a merger of prior covenants and agreements in the deed, there is a well-recog-

nized exception. Where the covenants in the contract do not relate to the conveyance but are collateral to and independent of the conveyance, they are not merged in the deed in so far as the deed is only a part performance of the contract. (*Biewer v. Mueller*, 254 Ill. 315, 98 N. E. 548; *Thordson v. Kruse, supra; Goodspeed v. Nichols*, 231 Mich. 308, 204 N. W. 122; *Norment v. Turley, supra; Van Hee v. Rickman, supra;* see, also, 18 C. J. 271.)

A grantee may accept a deed as full performance of a prior contract, even where it is not such, but whether a deed has been so accepted is, in the final analysis, a matter of intention. It would seem that where the covenants are of this nature, that is, collateral to the covenants of conveyance, there is no presumption that either party intended to give up the benefit of the covenants of which the conveyance is not a performance. (*Morris v. Whitcher*, 20 N. Y. 41; *Price v. Woodward-Brown Co.*, 190 N. Y. Supp. 561; *Reid v. Sycks*, 27 Ohio St. 285; *Van Hee v. Rickman, supra.*) In such a case the contract is kept alive and an action on it may be brought in case of its breach, independent of any possible recovery on the warranties of the deed.

In the case at bar, there is no evidence that the grantee intended to waive the provisions in regard to the abstract by the acceptance of the deed, other than the fact that he accepted it. This is not sufficient to overcome the presumption that he intended to avail himself of all the benefits conferred by the collateral covenants of the contract. (*Lambert v. Krum*, 121 Misc. Rep. 170, 200 N. Y. Supp. 452; *Van Hee v. Rickman, supra.*)

There is considerable conflict of opinion as to the kind of covenants that are to be considered as collateral to the covenants relating to the conveyance.

In an early New York case, frequently cited, *Bull v. Willard*, 9 Barb. (N. Y.) 641, 645, the court, discussing this question, said:

"I have not been able to fix upon a better criterion, upon that question, than that the covenant, in order to be deemed collateral and independent, so as not to be destroyed by

the execution of the deed, must not look to or be connected with the title, possession, quantity, or emblements of the land which is the subject of the contract; and that if it does so, the execution of the deed, in pursuance of the contract, will operate as an extinguishment of it."

In a recent case, by a divided court, the court of errors and appeals of New Jersey held that a covenant in a contract representing that there were no assessments pending against the premises was collateral to the covenant to convey and therefore there was no merger. (*Merchants & Traders' Developing Co. v. Mercer Co.*, 99 N. J. L. 445, 123 Atl. 875.)

In the case of *White v. Murray*, 218 Fed. 933, the contract relied on contained a covenant to convey free of liens and the court held that this covenant was not merged in the subsequent special warranty deed containing no such covenant.

Other courts have refused to go so far in a modification of the general rule of merger. (*Woodson v. Smith, supra; Norment v. Turley, supra.*)

The precise question in the case at bar is whether the covenant to provide an abstract was merged in the deed. Referring to the criterion laid down in *Bull v. Willard, supra,* it would seem that there was here no merger. An abstract does not relate to the title, possession, quantity, or emblements of the land. It is a graphic history of the title but has nothing to do with the title itself. In a real estate transfer, the validity or invalidity of the title to the premises is not affected by the giving or withholding of an abstract.

In the case of *Thordson v. Kruse, supra,* the grantor undertook in the executory agreement to furnish a warranty deed and an abstract of title. The warranty deed was furnished but the abstract was not. When the abstract was presented long after the stipulated time, it disclosed the existence of unpaid inheritance taxes. The court held the agreement to furnish an abstract was an independent covenant and that there had been no merger in the deed.

We conclude that the agreement to furnish an abstract in the case at bar was not merged in the deed. The only question remaining for consideration is the measure of damages.

The covenant relied on provided for the furnishing of a particular kind of an abstract, namely, one showing the property to be "clear of any and all liens." The furnishing of any sort of an abstract would not fulfill the, requirements of this covenant. The removal of all encumbrances would be a prerequisite to the furnishing of the kind of an abstract contemplated. Specifically it would have been necessary to have paid the 1921–1922 taxes. Respondent having paid the taxes, it was proper to allow a recovery both for the reasonable value of an abstract, found by the trial court to be $50.00, and also for the taxes paid, amounting to $176.11, together with interest thereon at seven per cent from June 29, 1925. (*Thordson v. Kruse, supra.*)

The judgment is affirmed. Costs awarded to respondent.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

BUDGE, J., Concurring in Part and Dissenting in Part.— I concur in the majority opinion in holding that there was no merger in the deed of that part of the agreement wherein appellant agreed to furnish respondent an abstract of title to the lands purchased by respondent. The abstract of title is wholly separate, detached and apart from the title itself, and forms the basis of an obligation independent of the deed.

In the agreement for the conveyance of the premises it was provided "that there is now due the Pacific Savings & Loan Association of Tacoma, Washington, the sum of $2,315.80, which said second party (respondent) assumes and agrees to pay. . . . . The party of the second part further agrees to pay one-sixth of the 1923 taxes . . . . " It was further stipulated in the agreement that appellant would furnish respondent an abstract of title to said prop-

erty showing the same to be clear of any and all liens except as in the agreement mentioned. In the deed it was provided that "this deed is executed and delivered and the property above described is hereby conveyed subject to a first mortgage of $2,315.80 . . . . which mortgage the party of the second part hereby assumes, together with any accrued interest thereon, subject also to the taxes for the year 1923 which are to be prorated." There is no mention in the deed of outstanding taxes due and delinquent against the premises for the years 1921 and 1922. Appellant's contention is that the court erred in permitting respondent to introduce evidence to vary the terms of the deed and in holding that under the stipulations contained in the agreement, appellant was liable for the taxes for the years 1921 and 1922, appellant insisting that all stipulations, in writing or otherwise, entered into prior to the signing and delivery of the deed, were merged in the deed. There is authority for the rule that a deed executed in consummation of an agreement merges all prior negotiations and agreements relating thereto, and, in the absence of fraud or mistake, the deed must be the sole guide for measuring and determining the rights of the parties. (9 Cal. Jur. 258; *Sisk v. Caswell*, 14 Cal. App. 377, 112 Pac. 185.) In *Goldman v. Davis*, 23 Cal. 256, cited in *Nicholson v. Tarpey*, 89 Cal. 617, 26 Pac. 1101, the rule is stated as follows:

"The law deems all such stipulations merged in the writing, which, in the absence of fraud, accident, or mistake, is treated as the exclusive medium of ascertaining the agreement to which the parties bound themselves."

The agreement and the deed in the instant case may have differed widely; the rights of the parties, however, are to be determined from the deed. The deed expressly, and in terms that are plain and unambiguous, recites that it is executed and delivered and the property conveyed subject to a certain mortgage and also subject to the taxes for the year 1923, which are to be prorated. Respondent took the deed with knowledge of the fact that the premises were conveyed to him subject to the taxes for 1923, which were

to be prorated. Respondent knew, or should have known, that taxes for other years were outstanding, and when he settled with appellant for the 1923 taxes he had actual knowledge that the taxes for 1921 and 1922 were outstanding, but for nineteen months he made no complaint and gave no intimation that he intended to hold appellant for the 1921 and 1922 taxes, under the agreement or otherwise, until a short time before he brought this action,— from which it might be inferred that the intention of the parties was, with reference to the payment of taxes, expressed in the deed, and that appellant was to be responsible only for a *pro rata* share of the 1923 taxes.

It seems to me there was a clear merger of the agreement in the deed, except as to the furnishing of the abstract. As was said in *Oliver Refining Co. v. Portsmouth Cotton Oil Refining Corp.*, 109 Va. 513, 132 Am. St. 924, 64 S. E. 56:

"Where a deed has been accepted as a performance of an executory contract to convey real estate, the rights of the parties rest thereafter solely in the deed, although the deed varies from the one provided for in the contract, and the law remits the grantee to his covenants in his deed, if there has been no fraud or mistake."

In *Bean v. Munger Land Co.* (Mo. App.), 265 S. W. 844, it is held that under the rule that all contracts and agreements for purchase of land become merged in deed, court's refusal to receive evidence of original contract of purchase between parties was proper.