MARGARET HOWELL, PLAINTIFF, v. MEREWOOD, INC., A
CORPORATION OF THE STATE OF NEW JERSEY, DE-
FENDANT.

Decided July 18, 1947.

For the plaintiff, *David Novack*.

For the defendant, *Bartholomew A. Sheehan*.

KINKEAD, S. C. C. This is a motion to strike the complaint.
In it, the plaintiff has substantially alleged that on February
19th, 1941, she entered into an agreement with the defendant
to convey to it certain lands for the purchase price of $7,000.
The plaintiff contends that only $100 had been paid on ac-
count, and that thereafter, the plaintiff executed and deliv-
ered to the defendant a deed conveying said lands to de-
fendant, in accordance with the defendant's request. It is
further contended that since the delivery of the deed, the
plaintiff has made numerous demands of the defendant for
payment of the balance of the purchase price, and that
defendant refuses to pay the same. Wherefore, plaintiff seeks
to recover $6,900, together with interest from April 5, 1941.

The defendant, for the purposes of this motion, concedes
it to be true that the parties hereto executed the agreement

set forth in the complaint; that the purchase price fixed in the agreement has not been paid, and that a deed conveying the lands described in the agreement has been executed and delivered by the plaintiff to the defendant at the defendant's request. Nevertheless, the defendant contends that the complaint does not set forth any cause of action cognizable in law, and that it must therefore be stricken, and I agree that this contention is correct.

There is nothing set forth in the complaint nor the briefs submitted by counsel, which discloses under what circumstances the execution and delivery of the deed took place. It must be kept in mind, however, that the plaintiff does not allege that the deed was delivered to the defendant by reason of any fraud or mistake. It is therefore proper for the court to conclude that no mistake or fraud was involved in the transaction. It is also proper for the court to conclude that the execution of the deed and its delivery by the plaintiff to the defendant was voluntary upon the part of the plaintiff, even though done at the defendant's request.

Where a deed is made and accepted, in pursuance of an executory contract, and neither fraud nor mistake is involved, the law presumes that the deed fully expresses the final intentions of the parties as to so much of the contract as it purports to execute. *Davis* v. *Clark,* 47 *N. J. L.* 338; 1 *Atl. Rep.* 239; *Brownback* v. *Spangler,* 101 *N. J. Eq.* 388; 139 *Atl. Rep.* 524; *Montclair Trust Co.* v. *The Russell Co.,* 135 *N. J. Eq.* 570; 39 *Atl. Rep.* (*2d*) 641, and *Long* v. *Hartwell,* 34 *N. J. L.* 116.

The motion to strike the complaint is therefore granted, and an appropriate order may be submitted in conformity with this opinion.