RUSSELL C. TERRY, Plaintiff, *v.* WILLARD J. RAIF et al., Defendants.

County Court, Broome County, April 19, 1954.

*Harry S. Travis* for plaintiff.

*John R. Normile* for defendants.

BRINK, J. The plaintiff has brought an action against the defendants to recover damages for breach of contract involving the purchase and sale of a parcel of land, on the north side of Route 17 in the town of Vestal, Broome County, New York. The case was tried before the court without a jury.

On the 18th day of March, 1950, the defendants, who owned a vacant parcel of land, which measures approximately 150 feet front and rear and 90 feet deep, gave the plaintiff a written option to purchase the property for $6,500. The option was renewed orally from time to time and the original option was renewed on the 17th day of May, 1951, by a written instrument, which provided for an additional payment of $1,000, which should be applied on the purchase price, if the option was accepted and which was to be forfeited, if the option was not exercised. Under the renewal agreement, the defendants promised to pay the plaintiff an additional $300 as commissions.

The original option of March 18, 1950, contained the following provisions: " The sellers agree that, prior to closing they will perform and complete all grading necessary to make the premises to be conveyed level with the aforementioned New York State Highway known as Route 17, said grading to be satisfactory to the purchaser. Said filling and grading shall be completed and satisfactory to the purchaser prior to the delivery of the deed by the said sellers, at which time the balance of the purchase price as set forth in Paragraph 2 shall be due and payable."

The plaintiff elected to purchase the property under the option and on the 28th day of May, 1951, a deed was executed and delivered from the defendants to the plaintiff conveying the real property. The plaintiff was not present at the closing, but was represented by an attorney who accepted delivery of the deed and the deed was recorded in the Broome County Clerk's office on the 28th day of May, 1951.

The plaintiff testified, that approximately a week after the closing, he had negotiated a lease of the premises to the Sun Oil Company for a gasoline station and he first observed that the grading necessary to make the premises level with New York State Highway Route 17, had not been completed. Through his attorney, he immediately notified the defendants of his complaint and further advised them, that if the grading were not completed within twenty-four hours, he would complete it himself and look to the defendants for damages.

The parties are in dispute as to the interpretation of the grading provisions of the contract. This controversy arises by

reason of the fact, that at the time of the execution and delivery of the original option, the portion of Route 17 adjoining the property involved in the option, was being reconstructed into a four-lane highway. The southerly portion of the highway in question was being used for eastbound traffic and the original concrete strip in that lane of the highway remained intact. The north side of the highway, which originally had been used for westbound traffic, was torn up and the concrete surface had been removed.

It is the contention of the plaintiff, that under the option, which upon its acceptance became a contract, the defendants were obligated to fill and grade the property to the level of the concrete surface of the old highway. It is the contention of the defendants, that they were required to fill and grade only to the existing surface of the southerly torn up portion of the highway from which the concrete had been removed.

The defendants sought to establish by their proof, that they had filled and graded the land, level with the northerly portion of the highway adjoining the premises in question with the exception of a portion of the lot, involving a seven-foot frontage on the highway which was not filled by reason of an error in the original description of the land which did not take into consideration an easement. This resulted in moving the lines seven feet to the west at the time the deed was drawn for the purpose of avoiding the easement. It appears from the testimony of one Howard Russell, employed by the defendants to grade the property, that between the 14th day of July, 1950, and the 28th day of July, 1950, he employed a power shovel, two trucks and a bulldozer to fill the land in question to the level of the unpaved portion of the highway adjoining the property at a cost to the defendant amounting to $1,130. By reason of the error in the description, the defendants failed to fill the area with the seven-foot frontage on the highway. It appears from the evidence, that the cost of filling and grading this area would have amounted to approximately $93. The plaintiff's proof established, that he used 1,390 cubic yards of fill at a cost of $1,133 to finish filling and grading the land level with the concrete surface of the new highway, including the area with the seven-foot frontage on the highway.

In the opinion of this court, the only reasonable interpretation of the contract possible, under the circumstances, would be to hold that it was the intention of the parties, that the defendants should fill the land to the level of the concrete surface of the old

highway, a portion of which was still in use for eastbound traffic. If this interpretation of the contract is accepted, it must be held under the evidence of the case, that plaintiff established that the defendants did not supply the required amount of fill and that the plaintiff was damaged in the sum of $913.50. This is arrived at by computing 1,218 cubic yards of fill at 75¢ per cubic yard, necessary to grade even with the concrete surface of the eastbound lane of the old highway.

Defendants' counsel contends, that the original agreement, which became a contract upon the acceptance of the option, was merged in the deed and that by acceptance of the deed the plaintiff surrendered whatever rights he might have had under the grading provisions in the option. The defendants' answer consists of merely a general denial and it is very questionable as to whether such a defense could prevail unless it were alleged in the answer as an affirmative defense. (*Appell* v. *Comstock & Ludlam,* 118 N. Y. S. 2d 634.) '' When a deed of conveyance is made and accepted pursuant to an executory contract to sell and convey land containing stipulations of which the conveyance is not necessarily a performance, the question whether such stipulations are surrendered is treated as one of intention; and in the absence of evidence upon the subject there is no presumption of intention to give up those benefits or that they are satisfied by the conveyance. (*Morris* v. *Whitcher,* 20 N. Y. 41; *Whitbeck* v. *Waine,* 16 id. 532; *Murdoch* v. *Gilchrist,* 52 id. 242.) '' (*Disbrow* v. *Harris,* 122 N. Y. 362, 365. See, also, *Price* v. *Woodward-Brown Realty Co.,* 190 N. Y. S. 561, affd. 201 App. Div. 837.)

In this case, there is an absence of evidence to show any intention on the part of the vendee to waive the grading provisions of the contract. It might be argued, that the provisions in the option to the effect that the grading was to be completed prior to closing and prior to the delivery of the deed might give some indication as to the intention of the parties. This is a mere statement as to the time of performance and the fact that the vendee might waive the time element does not necessarily imply that he waived performance. The grading provisions of the agreement were independent and collateral and were binding on the vendors, subsequent to the delivery of the deed. (See *Price* v. *Woodward-Brown Realty Co.,* 190 N. Y. S. 561, *supra.*)

Judgment should be granted in favor of the plaintiff for the sum of $913.50, with interest thereon from August 22, 1951, together with the costs of this action. Judgment may be prepared and submitted accordingly.