423 P.2d 31

**Mildred E. CHAVEZ, Plaintiff-Appellee,**

**v.**

**Remedios C. GOMEZ, Defendant-Appellant.**

**No. 8115.**

Supreme Court of New Mexico.

Jan. 23, 1967.

Eugene E. Klecan, Albuquerque, for appellant.

Charles Driscoll, Thomas E. Davis, Albuquerque, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

The appeal involves the breach of a real estate contract. The issues decided are: (1) whether the rule of caveat emptor is applicable, (2) whether the doctrine of merger by deed is applicable, (3) whether plaintiff agreed to relinquish her contract rights, (4) whether plaintiff waived her contract rights, (5) whether the testimony concerning merchantable title was admissible, (6) whether the finding that title was not merchantable is supported by substantial evidence and (7) whether the damage claim was barred by the quiet title action.

Defendant was the seller and plaintiff the purchaser under the contract. Coincident with execution of the contract, defendant executed a warranty deed conveying the real estate to plaintiff. This deed was placed in escrow, to be delivered to plaintiff upon plaintiff's compliance with the terms of the contract.

The contract provided that at the time the warranty deed was delivered, defendant would:

"* * * [A]lso deliver to said Purchaser, abstract of title or title insurance, showing said real estate to be of good and merchantable title, on the date of the delivery of the Warranty Deed. * * *"

Defendant did not comply with the quoted provision. Plaintiff sued for breach of contract and was awarded damages amounting to her costs in obtaining an abstract and in quieting title to the property.

Plaintiff accepted the warranty deed when she made her final payment of the purchase price. Defendant asserts that upon acceptance of the deed, plaintiff was barred from enforcing a claim for breach of contract. Relying on 4 American Law of

**344**

Property (Casner ed. 1952) pt. 18, at 651, and Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740, defendant claims that all questions of title after completion of the purchase and acceptance of the deed were at plaintiff's risk. She would apply the rule of caveat emptor.

■ The express contract provision shows that questions of title were not at plaintiff's risk. By the contract, the burden was upon defendant to furnish either an abstract or title insurance showing a title that was good and merchantable at the time the deed was delivered. 52 A.L.R. 1464. Since defendant had an affirmative obligation to show the character of the title conveyed, the rule of caveat emptor is not applicable.

Defendant would apply the doctrine of merger by deed. The leading New Mexico cases on the doctrine are Norment v. Turley, 24 N.M. 526, 174 P. 999, and Continental Life Ins. Co. v. Smith, 41 N.M. 82, 64 P.2d 377. Reference is made to those cases for details of the doctrine.

■ Generally speaking, provisions in an executory contract to convey are performed when the conveyance is made. Contract provisions as to title, possession, quantity or emblements of the land are, again generally speaking, conclusively presumed to be merged in a subsequently delivered and accepted deed. Even though the contract and deed vary, the presumption applies be-

cause these provisions inhere in the very subject matter of the deed. As to these provisions, acceptance of the deed forecloses a claim based on the contract. 84 A.L.R. 1009, 38 A.L.R.2d 1310.

■ Where the contract provisions are not performed by delivery and acceptance of the deed, there is no merger. Such provisions are collateral to and independent of the deed. Norment v. Turley, supra.

In Christiansen v. Intermountain Ass'n, 46 Idaho 394, 267 P. 1074, and Thordson v. Kruse, 173 Iowa 268, 155 N.W. 334, contract provisions similar to the provision in this case were held not to have been merged in the deed. In Christiansen it is stated:

" * * * An abstract does not relate to the title, possession, quantity, or emblements of the land. It is a graphic history of the title, but has nothing to do with the title itself. In a real estate transfer, the validity or invalidity of the title to the premises is not affected by the giving or withholding of an abstract."

Here the obligation was to furnish either an abstract or title insurance "at the time of delivery" of the deed showing good and merchantable title "on the date of the delivery of the warranty deed." This obligation was to be performed in addition to delivery of the deed and at the time the deed was delivered. This obligation could not be

performed by the delivery and acceptance of the deed.

The provision for furnishing either abstract of title or title insurance was collateral to and independent of the deed. The doctrine of merger by deed does not apply. Plaintiff's suit for breach of the quoted provision was not barred by delivery and acceptance of the deed.

Where, as here, the contract provision was not performed by delivery and acceptance of the deed:

"* * * [T]he question to be determined is whether the parties have intentionally surrendered or waived such stipulation. If such intention appears in the deed, it is decisive; if not, then resort may be had to other evidence." Continental Life Ins. Co. v. Smith, supra.

The deed is not in evidence. Defendant contends that plaintiff surrendered her right to be furnished an abstract or title insurance in consideration for defendant giving plaintiff time to make up arrears in her contract payments. The evidence is conflicting. Plaintiff's testimony, denying such an agreement, supports the finding that no such agreement was made.

Defendant claims that plaintiff waived her right to enforce the provision pertaining to an abstract or title insurance. Waiver is the intentional abandonment or relinquishment of a known right. Miller v. Phoenix Assur. Co., 52 N.M. 68, 191 P.2d 993. An intention to waive a right is ordinarily a question of fact. Yates v. American Republics Corp., 163 F.2d 178 (10th Cir. 1947). Again, the evidence is conflicting. There is evidence that plaintiff learned of the title defects before accepting the deed, that she insisted that defendant comply with the contract, that defendant refused to comply and that after acceptance of the deed, a quiet title suit was brought. This evidence supports the finding that plaintiff had not waived her right.

The contract obligated defendant to furnish an abstract or title insurance showing good and merchantable title. Good and merchantable title means a marketable title of record. Campbell v. Doherty, 53 N.M. 280, 206 P.2d 1145, 9 A.L.R.2d 699.

An officer of a title company testified that the title was not insurable, giving his reasons. Defendant asserts that this testimony was not admissible because there was no issue as to whether the title was insurable. This testimony was admissible on the question of marketable title. Flood v. Von Marcard, 102 Wash. 140, 172 P. 884.

An attorney examined the abstract obtained by plaintiff. The attorney raised

objections to the title and required either a quiet title action or the issuance of a policy of title insurance acceptable to him. The abstract is in evidence. Defendant objected to the attorney giving his opinion as to title requirements because (1) it was an opinion and (2) the opinion was on a matter in controversy. The testimony was admissible. See Lewis v. Knott, 75 N.M. 422, 405 P.2d 662, and cases therein cited.

The testimony of the attorney and the officer of the title company supports the finding that title was not good and merchantable.

After accepting the warranty deed, an action was brought to quiet title to the property. Defendant was a named defendant in the quiet title action. She contends that plaintiff could have asserted her claim for damages in the quiet title action and not having done so, her present claim for damages is barred. This argument is fallacious. Damages are not recoverable in a suit to quiet title. Rosser v. Rosser, 42 N.M. 360, 78 P.2d 1110.

Other issues raised by defendant have been considered and found to be without merit.

The judgment is affirmed. It is so ordered.

MOISE and COMPTON, JJ., concur.