OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
In this action which arose out of the sale of real property, plaintiff sought the jurisdictional limit of the Small Claims Court for defendant’s “fraud and breach of contract.” The com *1042 plaint alleged that defendant, as seller of a home and barn, “lied about removing manure from [the] premises,” and “took fixtures from [the] bathroom and replaced [them] with fixtures that don’t fit [and] held in by electric tape.” Defendant counterclaimed for $4,000 (reduced to the jurisdictional limit), as well as attorney’s fees in the amount of $2,000.
The court awarded plaintiff the sum of $1,700 representing the estimate for the repair of the faucets. However, the court failed to award any damages for the removal of the manure since plaintiff knew or should have known about the condition.
Generally, delivery of the deed in a real estate transaction merges all prior agreements not intended to survive its delivery (see, Schoonmaker v Hoyt, 148 NY 425; Disbrow v Harris, 122 NY 362; cf., Caceci v Di Canio Constr. Corp., 72 NY2d 52). However, this general rule has no application where the purchaser discovers latent defects which are discoverable only after the purchaser occupies the premises (see, Petrick v Cedarwood Homes, NYLJ, July 24, 1972, at 26, col 5 [App Term, 2d Dept]; see also, Pender v Ruggiero, NYLJ, Jan. 24, 1989, at 26, col 5 [App Term, 2d Dept]; Staff v Lido Dunes, 47 Misc 2d 322).
In the case at bar, plaintiff stated that she performed a “walk through” prior to closing and found the subject faucets to be working. However, immediately upon taking possession of the property, plaintiff discovered that the faucet handles had been attached with electrical tape, which was not able to be observed at the time of the inspection. Further, the water could not be shut off, and the handles could not be properly fitted to the existing faucet!. Such defects were latent in nature, and therefore fall outside the general rule.
As for plaintiff’s proof at the trial, the court properly relied on the written estimates {see, UDCA 1804). Thus, based on the record, substantial justice was done between the parties according to the rules and principles of substantive law {see, UDCA 1807).
Floyd, J. P., Palella and Levitt, JJ., concur.