## Wytheville.

### SAVAGE V. CAUTHORN AND OTHERS.

June 10, 1909.

1. APPEAL AND ERROR—*Bills of Exception—Signature of Judge—Part of Record.*—Where a bill of exception, certifying the evidence, is signed and sealed by the presiding judge at the end of the formal part of the bill, and immediately following it there is a statement of "all the facts proven on the trial of this case," which is likewise signed and sealed by the judge, and it unmistakably appears that both were made up and signed by the judge at the same time, in open court, this is a sufficient incorporation of such facts into the record.

2. VENDOR AND PURCHASER—*Loss of Land—Recovery of Purchase Money—Cloud on Title—Case in Judgment.*—A purchaser of land with full notice of a prior deed of trust to secure money, bought the land for part cash and the residue on time, accepted a deed with covenants of general warranty and against encumbrances, and gave back a deed of trust to secure the deferred payments, and the trustee and the beneficiary and her husband agreed to apply the cash payment to the payment of the prior deed of trust debt, but failed to do so. Subsequently, the husband agreed to refund the cash payment and take back the land, but this was not done. The purchaser was informed that the amount due under the prior deed of trust was much less than his last bond, and could be paid out of its proceeds, but he declined to agree to this, or to pay the instalment then due, and the land was afterwards sold for default in payment of the deferred payments and brought only enough to pay them. The purchaser at the trustee's sale brought ejectment against the former purchaser and turned him out, and this action was brought by the latter against the trustee, and the beneficiary and her husband above mentioned, to recover back the cash payment made on the land and damages for the "trouble, costs and damages in moving away."

*Held:* The purchaser could have paid the amount due on the former deed of trust and had the same credited on the amount due by

him, or could have enjoined the sale until the prior debt was paid or so much of what he owed as was necessary was set apart for that purpose. Not having done this he cannot maintain the present action. The beneficiary is not liable, as the purchaser did not pay the prior lien, and the land brought no surplus, and he was not evicted by title paramount, and the trustee and husband are not liable as there was no consideration for their promise.

Error to a judgment of the Circuit Court of Mathews county in an action of *assumpsit.* Judgment for the defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*J. N. Stubbs,* for the plaintiff in error.

*J. Boyd Sears* and *Garnett & Pollard,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

At the threshold of this case we are asked to consider whether or not the facts proven on the trial in the circuit court have been properly incorporated into the record before us.

The action is trespass on the case in assumpsit, and upon issue joined in the circuit court both parties agreed to waive the intervention of a jury and to submit the case, both as to the law and the facts to the court for decision, and the court rendered its judgment for the defendants. Whereupon the plaintiff moved the court to set aside its judgment and award a new trial, which motion was overruled, and to this ruling plaintiff excepted; and here follows the judgment of the court and the only bill of exceptions taken and made a part of the record:

"And now at this day, to-wit, at a circuit court continued and held for the county of Mathews at the court house thereof on Thursday, the 21st day of May, 1908, it being the same

day and year as that first herein mentioned, the following order was entered:

"Mary J. Savage

    v.

"L. E. Cauthorn and others.

"The court having maturely considered the motion made by the plaintiff on the 21st day of November, 1907, to set aside the judgment entered against her on the 19th day of November, 1907, and grant her a new trial, doth overrule said motion.

"Memorandum.—To the opinion of the court in refusing to set aside the said judgment and grant the plaintiff a new trial the plaintiff, by her attorney, tendered the following bill of exception and the facts proven during the trial of said case, which she prayed might be received, signed and sealed by the court and made a part of the record, which is acordingly done.

"EXCEPTIONS FILED BY PLAINTIFF.

"Mary Jane Savage

    v.

"G. T. Cauthorn, L. E. Cauthorn and E. M. Maxwell.

"Be it remembered that after both plaintiff and defendants had waived a jury and consented for the court to hear the case, and after all the evidence had been heard and argument of counsel, the court entered the following judgment: 'It is considered by the court that the plaintiff take nothing by her declaration, but for her false clamor be in mercy, &c., and that the defendants go thereof without day and recover against the plaintiff their costs by them about their defense in this behalf expended.' The plaintiff then moved the court to set aside the said judgment and grant her a new trial, as being contrary to the law and the evidence. After argument, the court refused to set aside the

judgment and grant the plaintiff a new trial.    To the opinion of the court refusing to grant a new trial, the plaintiff excepts and tenders this her bill of exception, which she prays may be signed, sealed and enrolled and made a part of the record in this case, which is accordingly done.

"Given under my hand and seal this 21st day of May, 1908.

"CLAGGETT B. JONES.    (Seal.)"

Immediately following the foregoing we find this statement: "Here follows all the facts proven on the trial of this case." Then is inserted the statement of facts, containing deeds and acknowledgments, etc., and at the end thereof is found: "Given under my hand and seal this 21st day of May, 1908.    (Signed) "Claggett B. Jones, (Seal)."

Now, if the presiding judge had withheld his signature, and only affixed it at the end of the statement of the facts proved at the trial, which immediately follows the judgment of the court on the motion for a new trial and the bill of exception to that ruling, it would hardly have been questioned that the statement of the facts proved, as well as the judgment and the exception thereto, would have become a part of the record.    The judgment, the bill of exception, and the statement of the facts proved are all of the same date, and unmistakably were made up and signed by the judge at the same time, in open court, and certified by the clerk.

The case of *U. S. Mineral Co.* v. *Camden & Driscoll,* 106 Va. 663, 56 S. E. 561, 117 Am. St. Rep. 1028, so much relied on by the defendants, is distinguishable from this case.    In the first case, as the opinion states, the statement purporting to be the evidence could not be identified as a part of the record as there was nothing to show how and when it got among the papers of the case.    There the statement of the evidence was without date, and there was nothing whatever about it to show when or how it was made up or got into the record; while in this case

the judgment of the court, the exception to the refusal of a new trial and the statement of the facts proved are all embodied in the record on the same date, and, had the signature of the presiding judge been affixed only at the end of the record thus made, it could not have been questioned that the facts proved, as well as the exception to the court's ruling on the motion for a new trial, would have been incorporated into and become a part of the record, properly to be considered upon this writ of error.

The case is simply this, the presiding judge signed the bill of exception taken to the ruling on the motion for a new trial, and identified the facts proved immediately following the statement of the exception, in two places when his signature as affixed at the end of the bill and statement of the facts would have been sufficient; and it would be an extremely technical ruling to hold that the signing by the judge of the bill of exception and statement of the facts, made up at one and the same time, in two places instead of at the end of the record thus made, excludes from the record the statement of the facts proved and certified. There is not the slightest difficulty in determining "how and when this statement got among the papers in this case," and there is no authority to which we have been cited or have found for our refusing to consider it as a part of the record.

Upon its merits, the case is as follows: On the 1st day of July, 1905, L. E. Cauthorn and her husband, G. T. Cauthorn, in consideration of the sum of $1,500, $650 paid in cash and the balance secured, conveyed with general warranty of title to Mary Jane Savage, plaintiff in error, two certain parcels of land, aggregating about 16 acres, situated in Mathews county; and upon the same day plaintiff in error re-conveyed the land to one E. M. Maxwell, in trust, to secure the payment of the two notes of $450, each executed by plaintiff in error to Mrs. L. E. Cauthorn, for unpaid purchase money, and payable respectively at six and twelve months from their date, with interest. At the time of the execution and recordation of these

deeds, there was of record in the clerk's office of Mathews county
a deed of trust of prior date, and of which plaintiff in error had
actual as well as constructive notice, executed by defendants in
error, L. E. Cauthorn and her husband, conveying the same
parcels of land to one Sands Smith, in trust to secure two bonds
of L. E. and G. T. Cauthorn, executed to and held by Levin H.
Miller, in the sum of $500 each with interest.

It is alleged that when plaintiff in error, on July 1, 1905,
paid the $450 on her purchase of the 16 acres of land, the
Cauthorns and Maxwell, trustee, promised that this money and
the $200 paid by plaintiff in error on November 14, 1904,
should be used in paying off the debt secured on the land by the
said deed to Sands Smith, trustee, but this was not done, and
when plaintiff in error's note for $450, given for the first de-
ferred payment on the land she had bought of the Cauthorns fell
due, she declined to pay it on the ground that the debt secured
by the deed to Sands Smith, trustee, had not been paid.

In February, 1906, plaintiff in error went to the house of
G. T. Cauthorn, and then and there it is alleged the latter
agreed that he would return to the former the $650 she had
paid and take back the land conveyed to her July 1, 1905; but
this was not done, and on July 1, 1906, Maxwell, trustee, adver-
tised the land for sale under the trust deed given by plaintiff in
error, and sold the same to defendant in error, L. E. Cauthorn,
on August 3, 1906, and made her a deed therefor, the purchase
price of the land at this sale being the amount of the two pur-
chase money notes given by plaintiff in error, due and to be-
come due as above stated.

After the deed from Maxwell, trustee, conveying the land to
defendant in error, L. E. Cauthorn, had been executed the latter
instituted against plaintiff in error an action of ejectment in
the circuit court of Mathews county, and a judgment was render-
ed in that action against plaintiff in error, and she was ejected
from the premises.

It further appears, that before the sale made by Maxwell,

trustee, to L. E. Cauthorn, Maxwell told plaintiff in error that there was only due on the deed to Sands Smith, trustee, a little more than $190, and this amount could be paid out of the last payment to become due from plaintiff in error and she would be protected; but as it seems she declined to agree to this, and the sale by Maxwell, trustee, of the land followed.

In this action, brought in December, 1906, plaintiff in error sought to recover of defendants in error, L. E. Cauthorn and G. T. Cauthorn, and Maxwell, trustee, the $650 paid on her purchase of the 16 acres of land, and damages for "much trouble and cost and damages in moving away," which she estimated at not less than $150. The declaration rests the right of recovery solely upon a breach of the promises made by G. T. Cauthorn and Maxwell, trustee, to apply the $200 and $450, paid by plaintiff in error on the purchase from L. E. Cauthorn, to the discharge of the debt secured by the deed to Sands Smith, trustee; and besides the failure to show the alleged breach, plainly the action could not be maintained against G. T. Cauthorn or Maxwell, trustee, for the want of a consideration for the promise claimed to have been broken, as L. E. Cauthorn was the sole owner of the land sold and conveyed to plaintiff in error.

Moreover, upon the facts of the case, there was no time prior to the sale by Maxwell, trustee, when plaintiff in error could not have protected herself against the loss she is in this action seeking to recover, as there was only due on the Miller debt, secured by the deed to Sands Smith, trustee, a balance of about $190, and the purchase money due and to become due from her amounted to a much larger sum; so that she might have, upon a bill in equity, enjoined a sale by Maxwell, trustee, until the Miller debt was paid, or so much of what she owed on her purchase of the land set apart for that purpose. But instead of this course, she permitted the land to be sold, and unfortunately for her, it only brought enough to pay the balance of the purchase money unquestionably due to Mrs. L. E. Cauthorne. In fact plaintiff in error might have paid the $190 due on the

Miller debt, and required the amount to be credited on her unpaid purchase money, a right that a court of equity would have had jurisdiction to enforce.

The fact that both L. E. Cauthorn and her husband signed the option taken by the plaintiff in error to purchase the land avails the latter nothing as the dealings between the parties culminated in the deed of conveyance to plaintiff in error and her deed to secure the deferred payments of the purchase money for the land. Nor could the covenants in her deed avail her as she has not been evicted by a paramount title. Nor could the alleged promises of G. T. Cauthorn and Maxwell, trustee, avail plaintiff in error since no consideration for these promises is either alleged or proved.

We are of opinion that the judgment of the circuit court complained of is right, and it is, therefore, affirmed.

*Affirmed.*