[No. 2102, Aug. 27. 1918.]
NORMENT et ux. v. TURLEY et al.

### SYLLABUS BY THE COURT.

1. Prior stipulations are merged in the final and formal contract executed by the parties, and this rule applies to a deed or mortgage based upon a contract to convey. When a deed is delivered and accepted as performance of the contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, the deed alone must be looked to, to determine the rights of the parties.                    P. 528

2. There is an exception to the rule stated, which is that the contract of conveyance is not merged upon execution of a deed, where under the contract the rights are conferred collaterally and independent of the deed; there being no prsumption that the party, in accepting the deed, intends to give up the covenants of which the deed is not a performance or satisfaction. Where the right claimed under the contract would vary, change, or alter the agreement in the deed itself, or inheres in the very subject-matter with which the deed deals, a prior contract covering the same subject-matter cannot be shown, as against the provisions of the deed.                    P. 530

Appeal from District Court, Santa Fe County; Abbott, Judge.

Action by James W. Norment and wife against Urna B. Turley and husband. Judgment for plaintiffs, and defendants appeal. Affirmed.

FRANK W. CLANCY, of Santa Fe, for appellants.

J. H. CRIST, of Santa Fe, for appellees.

OPINION OF THE COURT.

ROBERTS, J.   This action was instituted in the
court below by appellees to foreclose the lien of a deed
of trust upon certain property in the city of Santa Fe.
The trust deed was in the ordinary form, and was made
to secure the payment of three promissory notes—one
for $2,000, due one year from date thereof, and the other
two notes each, respectively, for $4,500, due two and
three years after date.   The trust deed contained the
usual stipulations providing for the right of foreclosure
in the event of a failure to pay either note when due, or
interest, or taxes, etc.   The complaint alleged breach of
the conditions of the trust deed, in that appellants had
failed and refused to pay the principal of the first note
falling due and to pay the taxes and insurance premi-
ums.   The answer filed by appellants admitted the fail-
ure to make the payments stated, but justified such fail-
ure upon the ground that on the 12th day of January,
1916, the parties to the litigation, Norment and wife on
the one side, and Urna B. Turley and her husband, ap-
pellants, on the other, entered into a contract for the
exchange of certain real estate belonging to the respec-
tive parties; the first paragraph of the contract being
as follows:

"First.   The said Norments hereby obligate themselves
to make and deliver to the said Turleys, or either of them,
a warranty deed to their apartment house property on
Washington avenue, in said city, and of all the contiguous
and connected lands therewith belonging to the said Nor-
ments, for a total consideration of twenty-two thousand
and five hundred ($22,500) dollars, which is to be paid as
is stipulated in second paragraph hereto (out of said con-
sideration of $22,500 the said Norments are to pay and
discharge all of the present incumbrance of whatsoever
kind aggregating some $8,500, so as to relieve said prop-
erty of all incumbrance up to this date before principal
payments are made so as to protect the said Turleys from
such indebtedness), and the said Norments agree to loan
the said Turleys $200 as per mutual agreement."

The second paragraph of the contract had to do with
the property the Turleys were to give in exchange for

the Norment property, and provided for the execution of the notes in question and the trust deed. The fifth paragraph of the contract reads as follows:

> Fifth. It is here mutually agreed that deeds and papers in accordance herewith are to be executed and delivered forthwith—that is to say, within the next day or two— and possession of the said properties is to be accordingly yielded and taken."

The contract was not acknowledged, but was signed by all the parties. The court at the request of the appellants, found that the contract, notes, and trust deed were all executed on the same day. This finding as to all the parties is not supported by the evidence. Mrs. Turley, however, did sign one copy of the contract, it having been executed in duplicate, on the same day that the trust deed and notes were executed. This finding, however, we·do not regard as material, in view of other findings and the judgment entered by the court. The court, after hearing the evidence, found for the appellees, and entered judgment foreclosing the trust deed. From this judgment this appeal is prosecuted.

[1] The principal error relied upon by appellants is the failure of the court to give effect to paragraph 1 of the contract hereinbefore set out; it being appellant's contention that the contract and deeds were executed on the same day between the same parties, and should be considered as evidencing one single transaction. It was the view of the trial court that the prior stipulations were merged in the deed and trust deed; that, these deeds delivered and accepted as performance of the preliminary contract, it was merged in them; and that it was the duty of the court, notwithstanding the variance between the trust deed and the contract, to look solely to the trust deed, as the rights of the parties rested solely upon the same.

Appellants contend that, where two or more written instruments are executed on the same day and relate to the same subject-matter, the one referring to the other,

the presumption is that they evidence but a single contract. It will be observed, from the fifth paragraph of the contract, quoted supra, that it was a preliminary contract providing for the execution of deeds by the various parties and the trust deed in question, and stipulating the terms upon which the properties were to be exchanged. It is a well-established rule of law that prior stipulations are merged in the final and formal contract executed by the parties, and this rule applies to a deed or mortgage based upon a contract to convey. When a deed is delivered and accepted as performance of the contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, the deed alone must be looked to to determine the rights of the parties. Devlin on Real Estate, § 850a. The rule is followed in practically all the cases. Among the numerous cases discussing the question we cite the following: Clifton v. Jackson Iron Co., 74 Mich. 183, 41 N. W. 891, 16 Am. St. Rep. 621; Howes v. Barker, 3 Johns. 506, 3 Am. Dec. 526; Simmons v. Northern Pac. Railroad Co., 88 Wash. 384, 153 Pac. 321, 155 Pac. 1039, Ann. Cas. 1918C, 1184; Savage v. Cauthorn, 109 Va. 694, 64 S. E. 1052; McClelland v. Ehrig (Okl.), 156 Pac. 307; Fritz v. McGill, 31 Minn, 536, 18 N. W. 753; Horner v. Lowe, 159 Ind. 406, 64 N. E. 218; Smith v. McClain, 146 Ind. 77, 45 N. E. 41; Stephen Putney Shoe Co. v. Richmond F. & P. R. Co., 116 Va. 211, 81 S. E. 93; Jones v. Wood, 16 Pa. 25. See note to Clifton v. Jackson Iron Co., 16 Am. St. Rep. 621. The case of Vt. Marble Co. v. Eastman (Vt.), 101 Atl. 151, discusses the subject quite exhaustively. The court says:

"But there is another well-established principle of law by which the recitals quoted above from the bonds cannot be considered in the interpretation of the deeds. The bonds were executory contracts for deeds, and were executed and consummated by the deeds subsequently given on January 1, 1869. Neither of the deeds so given contains any such recital, and neither makes any reference to the bond in performance of the provisions of which it was given. In

each instance the deed was delivered and accepted as performance of the previous contract to convey, and therefore the contract was conclusively merged in the deed, and, even though the terms of the deed may vary from those contained in the contract, the deed, so far as its construction is concerned, must be looked to alone to determine the rights of the parties.''

Under this rule, clearly, appellees were rightly given judgment. The contract in question was an executory contract for deeds and the trust deed in question, and the contract was executed and consummated by the deeds exchanged and the trust deed in question. The trust deed contains no such recital as that found in the preliminary contract, and contains no reference to the same. It was given and accepted as performance of the previous contract, and therefore the contract was conclusively merged in it and the other deeds. The terms of the trust deed contradict the provisions of the preliminary contract, in that the trust deed gives the appellees the right of foreclosure upon the failure of appellants to pay the notes at maturity, while the preliminary contract, accepting appellants' construction of the same, does not require them to pay the notes secured by the trust deed until appellees should have paid off all prior incumbrances on the mortgaged property. In the case of William James' Sons Co. v. Hutchinson, 79 W. Va. 389, 90 S. E. 1047, the court said:

"In a deed, when accepted, is merged all prior negotiations with respect thereof, including the written contract of sale, and the conveyance must be looked to in order to determine the rights and equities of the parties, if free from fraud and mistake.''

Here appellants in their answer did not rely upon fraud or mistake, but stood squarely on the proposition that the preliminary contract and the trust deed should be construed together.

[2] There is an exception to the rule stated, which is that the contract of conveyance is not merged upon execution of a deed where under the contract the rights

are conferred collaterally and independent of the deed; there being no presumption that the party in accepting the deed intends to give up the covenants of which the deed is not a performance or satisfaction.    Where the right claimed under the contract would vary, change, or alter the agreement in the deed itself, or inheres in the very subject-matter with which the deed deals, a prior contract covering the same subject-matter cannot be shown as against the provisions of the deed.    Thordson v. Kruse, 173 Iowa, 268, 155 N. W. 334.    The contract in question does not fall within the exception stated. To give it effect would contradict and vary the terms of the trust deed.    The trust deed authorizes foreclosure upon breach of its condition.    The contract in question withholds the right, construed according to the contention of appellants, until after appellées had paid off all the incumbrances on the property.    The point discussed disposes of the case on appeal.

For the reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.