[No. 3405. May 8, 1930.]

WILSON v. MAHILL et al.

[288 Pac. 1047.]

W. C. Whatley, of Las Cruces, for appellant.

Knollenberg & Cameron, of El Paso, Tex., for appellees.

## OPINION OF THE COURT

WATSON, J.

Appellant (substituted plaintiff below) sued upon an executory contract for the purchase and sale of a tract of land containing a total acreage of 159 acres. The contract provided:

"It is also agreed between the parties hereto that the party of the first part is to guarantee one hundred and twenty (120) acres of irrigable land out of the one hundred and fifty-nine (159) acres above mentioned. It is further agreed between the parties hereto that in case a survey should not show (120) one hundred and twenty acres of irrigable land then in that event, the party of the second part shall have credit from the purchase price at the rate of One Hundred and Fifty ($150.00) Dollars per acre for whatever shortage the survey may show."

Damages were sought against the sellers to the extent of $150 per acre for an alleged shortage of about 15 acres of irrigable land. The shortage was alleged to have been discovered subsequent to the acceptance of a deed to the tract, which deed contained no guaranty or mention of the quantity of irrigable land. It was alleged that it was understood between the parties that the guaranty contained in the contract was not waived by acceptance of the deed.

The trial court found that the contract was entered into on September 1, 1925, that the conveyance was made December 19, 1925, and that between those dates the purchasers

"Caused to be examined the said land for the purpose of ascertaining the number of acres of irrigable land, and from said evidence the court finds that the rights under said contract of September 1, 1925, were merged into the deed of December, 1925, and that the said J. Harry Henderson and Paul W. Wilson cannot now complain that there is not 120 acres of irrigable land in said pemises described in plaintiff's complaint."

The trial court also refused appellant's requests to find that plaintiffs did not know the number of irrigable acres in the tract until after having accepted the deed, and that by accepting the deed they did not intend to surrender any rights under the guaranty.

There was substantial evidence to show that the interval between the making of the contract and the passing of the deed was availed of by the purchasers, appellant's

grantors and assignors, to determine roughly the acreage of irrigable land, and that they expressed satisfaction with the result of their investigations and a readiness to close the transaction, having previously expressed a determination not to pay any money until assured that they were getting what they paid for. This would seem to support the finding and the refusals to find.

Appellant argues as·if the court had held that the guaranty of the contract necessarily merged in the deed. So assuming, he has collected many authorities in support of the exception recognized by this court in Norment v. Turley, 24 N. M. 526, 174 P. 999, to the effect that rights "conferred collaterally and independent of the deed" do not merge. As we understand the decision of the court below, this principle is not involved in the case at bar. The so-called merger was based upon the facts in the case.

Under this view the refusal of the trial court to find that there was in fact any shortage of irrigable land is of course immaterial.

The judgment is affirmed, and the cause will be remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.