172 P.2d 1016

RANKIN v. WANSER.

No. 4932.

Supreme Court of New Mexico.

Sept. 28, 1946.

142

O. P. Easterwood, of Clayton, for appellant.

Fred C. Stringfellow, of Raton, for appellee.

SADLER, Chief Justice.

J. H. Rankin, as receiver of City Drug Store of Clayton, New Mexico, prosecutes this appeal from a judgment rendered by the District Court of Union County decreeing a lien upon the funds in his hands as receiver in favor of Mrs. Rhea R. Wanser to secure a balance due on a note and mortgage evidencing the purchase price of certain drug store furniture and fixtures previously owned by her. For a statement of the pleadings upon which a former appeal out of this case was before us, see Fuqua v. Trego, 47 N.M. 34, 133 P.2d 344.

As disclosed by the opinion on the former appeal, the partners composing City Drug Store of Clayton, namely, Fuqua, Murphy and Trego, upon becoming insolvent filed a petition in the district court for the appointment of a receiver. J. H. Rankin, the appellant here, was named such receiver. Other pleadings were filed in that case on behalf of two of the plaintiffs therein, Fuqua and Murphy, which it is unnecessary to describe but which will be found discussed in the opinion on the former appeal.

The intervenor-appellant on that appeal, Mrs. Rhea R. Wanser, filed her amended petition in intervention setting up three causes of action, only one of which it will be necessary to mention here. The first claimed an equitable lien on the funds in the hands of the receiver resulting from the sale of the furniture and fixtures of City Drug Store. It was alleged that a note and mortgage evidencing a balance due upon the sale were given pursuant to a contract between purchasers, the said

Murphy and one Markham of the one part and Mrs. Rhea R. Wanser, by the terms of which the purchasers covenanted to give her a good and valid lien upon the furniture and fixtures to secure the balance due on the purchase price; that a note and chattel mortgage were executed in behalf of the seller, but that due to the gross negligence and intentional fraud of the said Murphy and Markham, they failed to acknowledge either the contract or the mortgage so as to entitle them to be filed of record or recorded. Other allegations appeared not necessary to mention.

The plaintiffs in the aforementioned suit and the present appellant, J. H. Rankin, as receiver, demurred to the petition in intervention filed by Mrs. Wanser. The demurrer was sustained and, treating the order sustaining same as having the effect of a dismissal of her petition in intervention, the intervenor, Mrs. Wanser, prosecuted an appeal to this court. It was disposed of by the opinion officially reported as above mentioned. We reversed the district court, holding that the demurrer should have been overruled and that "plaintiffs should have been required to answer or otherwise plead further." We directed the trial court to set aside its order sustaining the demurrer and enter an order overruling the same and to permit the parties to proceed in a manner not inconsistent with our opinion.

When the cause again reached the District Court of Union County, the receiver, J. H. Rankin, filed his answer to the amended petition in intervention in which he denied knowledge of the existence of the contract to give a chattel mortgage until long after his appointment as receiver and denied the effect of either the contract or the chattel mortgage as notice to him because of the lack of a statutory acknowledgment entitling either to filing or record in the office of the county clerk.

The case was later tried and the court made its findings of fact and conclusions of law substantially in conformity with the allegations of the appellee's amended petition in intervention, especially as respects the agreement of the purchasers of the furniture and fixtures to give to the seller, the appellee here, a good and valid lien upon the property sold by a mortgage to be executed by them securing the balance of the purchase price and as regards the purchasers' failure to acknowledge either the contract or chattel mortgage before filing the same with the County Clerk of Union County.

The trial court also found in conformity with allegations of the petition in intervention that various transfers of interests in said drug store, including the furniture and fixtures, subsequently took place but that in each instance the purchaser took with knowledge of the note and mortgage and

that the amount due thereunder was unpaid; that finally one Wilbur Trego, upon acquiring the whole or a part interest in said drug store, assumed and agreed to pay the indebtedness due Mrs. Wanser and that all subsequent purchasers of interests in the store recognized and ratified the transaction for the sale of the furniture and fixtures and made installment payments of $75 each, aggregating thirty-two in number, according to the terms of said note.

The amount due to the appellee on account of the transaction related was found to be $2100 with interest thereon at the rate of eight (8%) per cent. per annum from May 2, 1941, less a credit of $800 by reason of a payment made by the said J. L. Fuqua, Jr., and the said W. R. Murphy, former partners in City Drug Store.

The court concluded from the facts found that appellee, intervenor below, had a lien on the moneys in the hands of the receiver realized from the sale of the furniture and fixtures sold by appellee, as aforesaid, and described in said chattel mortgage. Judgment was accordingly rendered adjudging the amount due appellee as the sum of $2,341.93 'and decreeing a lien in her favor on the funds in the hands of the receiver for said amount, first and prior to all other liens, except for taxes due from the receiver on property of which he had been possessed and save for the costs and expenses of the receivership. It is from such judgment that the receiver prosecutes this appeal.

The principal and practically the only point relied upon by the receiver, on this appeal, is that because of the absence of an acknowledgment to the above mentioned contract to give a mortgage and to the mortgage itself, the mortgage was void against the receiver and could not be made the basis of an enforceable lien against any property or funds in the receiver's hands. At the very beginning of his argument, the appellant states:

"Our principal contention is that the case stands or falls on the validity or invalidity of the $4500.00 chattel mortgage, held to be void by Judge 'Chavez, and the so-called preliminary contract shown beginning at page 110. This so-called purchase contract, shown as Exhibit 2 in the record, was not acknowledged before any Notary Public or any other officer authorized to take acknowledgments, and it is in the same class as the $4500.00 chattel mortgage which Judge Chavez held to be void."

Reference is made in the trial court's findings to the fact, as indicated in the quotation from appellant's brief, that in earlier proceedings in the case, the mortgage had been held void as against the receiver. The receiver's counsel refer to the statute, 1941 Comp. § 63-502, L.1935, c. 54, § 1, authorizing the acknowledgment

and filing in the county clerk's office of chattel mortgages and declaring that failure to so file shall render the same void as to subsequent purchasers, receivers from the date of filing the order of appointment and others named. He then argues, citing Simon Vorenberg Co. v. Bosserman, 17 N.M. 433, 130 P. 438, that filing of the mortgage was ineffectual as notice since the instrument was improperly filed because lacking an acknowledgment.

All that is said may be conceded and it still will not aid the receiver. In the former appeal to which he was a party the precise question of the effect of absence of an acknowledgment to the mortgage was involved. In setting forth in our opinion the objections to the petition in intervention raised below by the parties, which is the same amended petition in intervention on which the cause was tried after remand, one of such objections set forth was [47 N.M. 34, 133 P.2d 346]: "That the execution of the chattel mortgage, *incomplete and ineffectual though it be to create a lien because not acknowledged*, having absorbed by merger the prior contract between the parties concerned to give such a mortgage lien, no such lien can now be relied upon."

Now what did we have to say touching this and other claims of the receiver and his co-appellees? It was this:

"The facts alleged in the petition, if established by evidence, would be sufficient to create a valid and enforceable equitable lien upon the property in the hands of the receiver for the amount of intervener's claim. Plaintiffs would not dispute this proposition, probably, except for the reason that they rely upon the law of merger as having nullified all force and effect of the agreement to give intervener a chattel mortgage carrying a lien. Plaintiffs mistake the applicability of the rule of merger, as well as that pertaining to equitable mortgages. An agreement founded on a valuable consideration to give a mortgage lien on a chattel constitutes an equitable mortgage lien. That is a rule of universal application. Van Sickle v. Keck, 42 N.M. 450, 81 P.2d 707; 5 R.C.L., Chattel Mortgages, § 10; 17 R.C.L., Liens, § 13; 37 C.J., Liens, § 18, 19. Of course, no intervening interest of third persons will be affected by such equitable mortgage subsequently adjudged to exist. However, all parties to this controversy had notice of intervener's claim and the understanding that she had a valid lien, according to the petition. The appointment of a receiver is in the nature of an equitable execution. By it the court is able to reach only the actual interest of the debtor in the property—the interest which the creditors themselves could reach with an execution issued on a judgment of law in their favor. Long-

fellow v. Barnard, 58 Neb. 612, 79 N.W. 255, 76 Am.St.Rep. 117.

"Generally speaking, all previous stipulations are merged in the final and formal contract executed by the parties, and this applies to a deed or mortgage based upon a contract to convey (Norment et ux. v. Turley et al., 24 N.M. 526, 174 P. 999); and all previous contemporaneous oral negotiations concerning the subject matter likewise merge in the valid written contract. But the doctrine of merger could not apply where the second or final contract is incomplete or invalid."

It would avail us little to reconsider the questions there decided, if otherwise disposed so to do. We held on the former appeal that if the intervenor (appellee here) established by evidence the facts alleged in her petition of intervention, they would be sufficient to create a "valid and enforceable equitable lien upon the property in the hands of the receiver for the amount of intervener's claim." This was said in the face of the admitted fact, urged in objection, that the contract to give a lien and the mortgage itself lacked acknowledgments. The intervenor went back to the lower court after that opinion and established the allegations of her petition. For us now, after that holding on the former appeal, to declare she had no lien would certainly repudiate the doctrine of the "law of the case" as it long has been applied in this jurisdiction. See Sanchez v. Torres, 38 N.M. 556, 37 P.2d 805, 811. This we are not inclined to do.

All other questions argued by the appellant are so interwoven with and related to this one that its decision resolves them all. Indeed, as appellant himself states, "the case stands or falls on the validity or invalidity" of the so-called chattel mortgage and preliminary contract to give the same. We held against this contention on the former appeal.

It follows from what we have said that the judgment is correct and should be affirmed.

It is so ordered.

BICKLEY, BRICE, LUJAN, and HUDSPETH, JJ., concur.