197 P.2d 905

NARAMORE et al. v. MASK et al.
MASK v. SARGENT.
No. 5074.

Supreme Court of New Mexico.
Sept. 18, 1948.

O. O. Askren and Richard G. Bean, both of Roswell, for appellant.

Hervey, Dow & Hinkle and W. E. Bondurant, Jr., all of Roswell, for appellee.

BRICE, Chief Justice.

The primary question is whether the appellee is entitled to recover approximately Two Thousand Dollars as liquidated damages for the failure of appellant to perform a provision in a written contract between the parties, incorporated by the court therein in reforming it.

This litigation was initiated by plaintiff and wife suing appellee and another for breach of a provision of a certain written contract, by the terms of which appellee purchased certain property from Cecil Naramore and wife, known as Riverside Camp, situated in Lincoln County, New Mexico, consisting of real estate and merchandise and other personal property. The following was a provision of the contract:

"9. That the parties of the second part hereby agree to sell the Petroleum products including oil and gasoline sold and distributed by the parties of the first part for a period of three years from this date. The parties of the first part are to deliver gasoline to the parties of the second part at Riverside at Roswell Tank Wagon prices of the major companies. It is understood and agreed that if the parties of the second part fail, neglect or refuse to carry out this provision of the contract that they shall pay to the parties of the first part the sum of Two Thousand and No/100 ($2000.00) Dollars as liquidated damages."

The plaintiffs Naramore recovered judgment against defendant (appellee here) for the sum of $2013.75. The appellee as third party plaintiff sued appellant as third party defendant, alleging in substance that Naramore and wife had sued him for breach of the contract mentioned, which, it was asserted, appellant had agreed to perform, and had assumed liability for its non-performance; as provided by a contract between appellant and appellee, by the terms of which appellant bought the Riverside property from appellee for $42,000, to be paid in cash, and a promise on his part to carry out the provisions of paragraph 9 of the Naramore-Mask contract, and assume appellee's liability to Naramore if he failed to comply therewith.

It was alleged by appellee that by mutual mistake the parties failed to incorporate in their contract appellant's agreement to comply with the quoted provision of the Naramore-Mask contract and assume liability for its breach. Upon trial the district court made the following findings of fact and conclusions of law:

"1. That J. L. Mask by contract dated July 14, 1944, purchased Riverside Camp, Lincoln County, New Mexico, from Cecil Naramore and wife, and among other things said contract included an agreement that J. L. Mask would use petroleum products, including oil and gasoline, supplied by the Continental Oil Company and Cecil T. Naramore for a period of three years. The contract further provided for liquidated damages in the event of the breach of this obligation.

"2. Riverside Camp consists primarily of a service station at which gasoline and other petroleum products are sold, together with a restaurant and saloon.

"3. Prior to March 26, 1946, Dot Sargent, Third Party Defendant, entered into negotiations with J. L. Mask and wife for the purchase of Riverside Camp. At the time of these conversations and before they were reduced to writing Dot Sargent was advised and had full knowledge of the liquidated damages clause in the Naramore-Mask contract, and Dot Sargent and J. L. Mask mutually agreed that as part of the consideration for the purchase of Riverside Camp that Dot Sargent would assume and perform said liquidated damages clause, and it was the intention of J. L. Mask and Dot Sargent that the contract to be drawn would embrace their oral agreement and understanding and that said contract should provide that Dot Sargent assume the liquidated damages clause of the Naramore-Mask contract.

"4. That upon the drawing of the contract between J. L. Mask and wife and Dot Sargent, Dot Sargent's attorney, A. B. Carpenter, because of an oversight was not advised of the liquidated damages clause in the Naramore-Mask contract and that

as a result of the mutual mistake of Dot Sargent and J. L. Mask in failing to so advise the said A. B. Carpenter no mention was made of the liquidated damages clause in the contract signed by Dot Sargent and J. L. Mask and wife."

(Findings 5 and 6 are evidentiary and immaterial to a decision)

"7. That shortly after the execution of the March 26, 1946 contract between J. L. Mask and wife and Dot Sargent, J. L. Mask delivered to Dot Sargent a copy of the Naramore contract dated July 14, 1944, intending then and there to further advise Dot Sargent of the actual contract assumed by Dot Sargent, and that at the time of the delivery of the Naramore contract copy J. L. Mask pointed out to Dot Sargent the liquidated damages clause which was read by Dot Sargent and agreed to by him as being satisfactory, and that Dot Sargent then and there reaffirmed his intention to assume and perform said clause of the Naramore-Mask contract and that Dot Sargent accepted and retained said copy of said contract without objection.

"8. Subsequent to the execution of the J. L. Mask-Dot Sargent contract, Riverside Camp was delivered to Dot Sargent in reliance upon and in consideration of Dot Sargent's assumption of said liquidated damages clause, and that Dot Sargent accepted transfer of the premises with full and actual knowledge of said clause and with full and actual knowledge of J. L. Mask's relying upon Dot Sargent's assumption of said clause.

"9. On or about August 31, 1946, Dot Sargent discontinued the use and sale of the petroleum products as specified in the Naramore-Mask contract, substituting another brand therefor, and thereby breached said contract which he had assumed insofar as said liquidated damages clause was concerned.

"10. Cecil T. Naramore in this court has recovered judgment against J. L. Mask in the amount of $2013.75 for breach of said liquidated damages clause which judgment has been paid by J. L. Mask and which judgment has been released by the said Cecil T. Naramore.

"11. That no fraud has been established."

From the foregoing findings of fact the court made the following conclusions of law:

"1. That J. L. Mask is a proper party plaintiff in this cause, and that the court has jurisdiction of the subject matter and of the parties.

"2. That the contract of March 26, 1946, between J. L. Mask and wife and Dot Sargent should be reformed because of the mutual mistake of the parties thereto to conform with their agreement and

understanding and to provide specifically for the assumption by Dot Sargent of the liquidated damages clause in the Naramore-Mask contract.

"3. That Dot Sargent after the execution of the contract of March 26, 1946, while said contract was executory, assumed by parol agreement an assignment of the liquidated damages clause of the Naramore-Mask contract, and that the J. L. Mask-Dot Sargent contract thereby was mutually modified by the addition of the assumption of the liability by Dot Sargent of the liquidated damages provision of the Naramore-Mask contract.

"4. That J. L. Mask is entitled to recover judgment against Dot Sargent for $2013.75, together with his costs, plus interest at six percent per annum from April 26, 1947."

Based upon the findings of fact and conclusions of law, the trial court entered its decree, reforming the contract of sale and purchase by adding thereto the following:

"That party of the second part (Dot Sargent) hereby assumed and agrees to perform paragraph 9 of that certain contract dated July 14, 1944, made and entered into by and between Cecil T. Naramore and Marie Naramore, and Jack Mask and J. L. Mask."

The decree provided for recovery by appellee and against appellant for $2013.75.

The appellant rests his case upon the following point:

"The court erred in determining that the parol testimony could add to the Mask-Sargent written contract that subject and provision of paragraph 9 of the Naramore-Mask contract, because that provision, if considered at all, would not be a collateral oral agreement but would be a part of the subject of the transaction, that is to say, a part of the consideration, and should have been written into the Mask-Sargent contract if Sargent was to assume said paragraph 9 of the Naramore-Mask contract; and, by so holding, the court has clearly violated the parol evidence rule to the injury of Sargent."

There is no question but that there is substantial evidence to support findings 3 and 4; but the authority of the court to reform the contract at all is questioned under proper assignments of error, and argued in appellant's brief.

As we understand the argument of appellant, it is contended that preliminary negotiations between the parties merged into the executory contract, which in turn is conclusively presumed to have been merged into the deed to the real estate, and conveyance and delivery of the personal property; that the contract is not subject to reformation after it has been completely executed, even though subject to reformation while it was executory;

and the admission of testimony to prove a mutual mistake in the preparation of the preliminary contract after it had been executed, was error.

The appellant relies upon Bell v. Lammon, 51 N.M. 113, 179 P.2d 757; Locke v. Murdock, 20 N.M. 522, 151 P. 298, L.R.A. 1917B, 267; Alford v. Rowell, 44 N.M. 392, 103 P.2d 119.

 It is the general rule, as we held in the Bell case, that a complete valid written contract merges all prior and contemporaneous negotiations and agreements within its purview, and parol testimony is not admissible to vary or contradict it. But the rule does not apply when the minds of the parties have met in an agreement and in reducing it to writing, through fraud or mutual mistake of the parties, the writing does not contain the agreement actually made by the parties. In such case it may ordinarily be reformed so that it will express the agreement made, although the contract may be within the statute of frauds. The rule is stated by high authority as follows:

"The foregoing exception embraces all suits brought expressly upon the mistake for the purpose of obtaining affirmative relief from its consequences. It is therefore settled that in the suits, whenever permitted, to reform a written instrument on the ground of a mutual mistake, parol evidence is always admissible to establish the fact of the mistake, and in what it consisted; and to show how the writing should be corrected in order to conform to the agreement which the parties actually made. * * *" Pomeroy, Equity Jurisprudence, Sec. 859.

Continental Life Ins. Co. v. Smith, 41 N.M. 82, 64 P.2d 377; Walden v. Skinner, 101 U.S. 577, 25 L.Ed. 963, and see 5 Williston on Contracts, Sec. 1552; Restatement of Law of Contracts, Sec. 502.

 Findings 3 and 4 take the case out of the parol evidence rule, and it would seem that the trial court did not err, unless the merger of the contract into the deed and other conveyances precluded reformation.

 It is apparent that the appellant's undertaking to assume liability for the Naramore-Mask agreement regarding the delivery of gasoline, was a purely collateral undertaking, not in any manner connected with the conveyances, except that it was a part of the consideration for the property. It could not be affected by the execution of the contract by conveying the property sold and purchased, because the liability of appellant was contingent and continued for about two years subsequent to the date the property was conveyed to appellant.

On this question we stated in Continental Life Ins. Co. v. Smith, supra [41 N.M. 82, 64 P.2d 380]:

"It is held by some courts of high standing that where preliminary contracts for the sale of real estate have been made and the covenants and stipulations are such that the mere delivery of a deed is not a full performance, then it is a question of intention, to be determined from the deed, or if not contained therein, then from other evidence, whether such stipulations have been surrendered. If covenants regarding the same subject-matter, consistent or inconsistent, with those in the contract appear in the deed, they are conclusively presumed to have merged therein; but if the deed contain no evidence of intention on the subject, then the question is open to other evidence to determine such intention, and in the absence of evidence there is no presumption that either party intended to waive stipulations in the contract by the delivery or acceptance of a deed. * * *

"In the absence of fraud, mistake, etc., the following stipulations in contracts for the sale of real estate are conclusively presumed to be merged in a subsequently delivered and accepted deed made in pursuance of such contract, to wit: (1) Those that inhere in the very subject-matter of the deed, such as title, possession, emblements, etc.; (2) those carried into the deed and of the same effect; (3) those of which the subject-matter conflicts with the same subject-matter in the deed. In such cases, the deed alone must be looked to in determining the rights of the parties.

"But where there are stipulations in such preliminary contract of which the delivery and acceptance of the deed is not a performance, the question to be determined is whether the parties have intentionally surrendered or waived such stipulations. If such intention appears in the deed, it is decisive; if not, then resort may be had to other evidence. * * *

"The authorities may perhaps be reconciled by a determination of what are 'collateral stipulations.' If the stipulation has reference to title, possession, quantity, or emblements of the land, it is generally, but not always, held to inhere in the very subject-matter with which the deed deals, and is merged therein."

See Norment v. Turley, 24 N.M. 526, 174 P. 999; Morris v. Whitcher, 20 N.Y. 41; Annotation 84 A.L.R. 1017 et seq.; and cases cited in the Continental Life Ins. case, supra.

The undertaking on the part of appellant was a purely collateral stipulation. It did not inhere in the subject matter of the deed and conveyance of property. In fact its performance was contingent.

Under such circumstances the contract was subject to reformation.

The decree of the district court should be affirmed.

It is so ordered.

LUJAN, SADLER, McGHEE, and COMPTON, JJ., concur.