230 P.2d 249

**MALDONADO et al. v. ARIAS et al.**

No. 5319.

Supreme Court of New Mexico.

Feb. 9, 1951.

Rehearing Denied May 3, 1951.

Lewis R. Sutin, Irwin S. Moise, Albuquerque, for appellants.

W. T. O'Sullivan, Albuquerque, for appellee.

COMPTON, Justice.

This is an action for the reformation of a deed.

The question is whether Lot 1 of the Mary S. de Romero Addition of the City of Albuquerque was the subject of the agreement of the parties. In September, 1936, Mary S. de Romero caused to be platted a tract of land consisting of eight lots numbering 1 to 8 inclusive as a subdivision of the city. The plat was submitted to the city, but it was disapproved because its southern boundary extended into New York Avenue. Lot 1 extends into New York Avenue a distance of 18.63 feet on the east and 24.68 feet on the west. It is bounded on the north by the·land of William A. Arias (formerly Romero), on the south by New York Avenue, on the east by Broadway and on the west by the land of Victor Bachechi (formerly New Mexico Construction Co.).

On December 6, 1936, appellant, Maldonado, Sr., entered into a contract with the said Mary S. de Romero to buy a tract of land described as follows: "A certain piece of land located in precinct 12 in the City of Albuquerque, New Mexico and measuring fifty (50) feet in width more or less and one hundred twenty-two (122) feet deep. Bounded as follows: North by land of Jesus Romero, south by New York avenue. East by Broadway Ave. West by land of New Mexico Construction Co."

The consideration therefor was paid over a period of years. In the meantime, Mrs. Romero died, testate, and her property, including the contract, passed to appellee, Arias. On November 19, 1940, he executed and delivered to appellant, Maldonado, Sr., a deed in words and figures as follows:

"A certain piece or parcel of land situated in the City of Albuquerque, in the County and State aforesaid, bounded on the North by land of William A. Arias, on the East by North Broadway, on the South by East New York Avenue, and on the West by land belonging to the New Mexico Construction Company, and more particularly described by actual survey as follows:

"Beginning at the Southeast Corner, a point on the westerly boundary of North Broadway, whence the intersection of the Western boundary line of North Broadway and the Northern boundary line of East New York Avenue as projected bears N. 8 deg. 13' E. 18.63 feet distant, and running thence N. 8 deg. 13, E. 33.49 feet to the Northeast corner; thence N. 84 deg. 02' W. 125.90 feet to the Northwest corner; thence S. 9 deg. 23' W. 55.22 feet to the Southwest corner; thence S. 84 deg. 02' E. 126.86 feet to the point of beginning."

. The respective contentions of the parties are: Appellants contend for a tract of land 50 feet on Broadway Avenue and bounded on the south by New York Avenue, claiming that the description in the deed was either caused by mutual mistake, or by the mistake of appellant, Maldonado, Sr., induced by the fraud and concealment or the inequitable conduct of appellee. Appellee contends that appellant, Maldonado, Sr., purchased Lot 1 of the Mary S. de Romero Addition and that the deed should be reformed accordingly. He denies any fraud or mistake. By way of cross-action he tenders the consideration, should mistake be established.

On a hearing the court made the following findings, material to a decision:

"4. The Court further finds that prior to entering into the contract to Purchase, William A. Arias as the Agent of Mary S. de Romero showed plaintiff Santiago Maldonado a plat of the Mary S. De Romero Addition to the City of Albuquerque and told him that the parcel of property that he was purchasing was designated as 'Lot 1' * * *.

"7. The City of Albuquerque, on April 20, 1929 acquired by purchase land of Andres Romero immediately adjoining the land of Mary S. de Romero on the South for the opening of east New York Avenue from the rail road tracks; and that about the same time the City Engineer of the City of Albuquerque also proposed to acquire for such opening that portion of the land aforesaid of Mary S. de Romero described as 'Tract A' on City's Exhibit 1 in evidence in this action embracing approximately 18 feet of the southerly portion of Lot 1 of said Addition with portions of Lots 3, 4, 5 and 6 also; that the City of Albuquerque never did acquire by purchase or otherwise, said Tract A from Mary S. de Romero or her estate or successors in interest.

"9. The Court further finds that in December, 1939, or shortly thereafter, William A. Arias submitted the plat aforesaid, including the typewritten description, Ptffs' Ex. 'C' to the City Engineer for approval and after conferences that followed, defendant William A. Arias was notified that the plat would not be approved and at that time was put on notice that the City of Albuquerque would require 'Tract A' for the east New York Avenue extension; that thereafter upon final payment by Santiago Maldonado of the contract to Lot 1, defendant William A. Arias delivered said plat to Albuquerque Abstract Company and requested the preparation of the deed, Ptffs' Ex. 'B' and that said company prepared such deed in an effort to describe the said Lot 1 on the plat of the Mary S. de Romero Addition.

"10. The Court further finds that there was no fraud or misrepresentation by defendants or any of the parties hereto; that

the description in the deed is not the same as in the contract to purchase; that William A. Arias relied upon the abstract company to draw it; that both the contract and deed were drawn in absolute good faith."

The court then concluded that the deed should be reformed so as to embrace Lot 1 of the Mary S. de Romero Addition.

The principle is well established that when a deed is accepted as performance of a contract to convey, in the absence of mistake and fraud, all previous stipulations are merged in the deed, unless rights, collateral and independent thereto, are conferred. Naramore v. Mask, 52 N.M. 336, 197 P.2d 905; Continental Life Ins. Co. v. Smith, 41 N.M. 82, 64 P.2d 377; Fuqua v. Trego, 47 N.M. 34, 133 P.2d 344; Norment v. Turley, 24 N.M. 526, 174 P. 999; 84 A.L.R. 1012. So, if appellants are to prevail, mistake and fraud must be the basis of recovery.

The evidence is substantial, though conflicting. Maldonado, Sr., contacted Mary S. de Romero for the purpose of buying the corner lot on Broadway and New York Avenues. Mrs. Romero sent for appellee, Arias, her nephew, to assist in making the sale. Maldonado, Sr., informed Arias that he wanted to buy Lot 1 on Broadway and New York Avenues. Arias exhibited the plat of the Mary S. de Romero addition to Maldonado, Sr., showing Lot 1 and explained its location with respect to Broadway and New York Avenues. He informed appellant that the city was projecting New York Avenue east to Broadway which would require a portion of Lot 1, and for this reason he did not know where the south boundary of Lot 1 would be established.

Seemingly, Maldonado was satisfied. The plat was taken to Mr. Werner of the Werner Abstract Co., where the contract was prepared. It was read in Spanish to Maldonado, Sr., in the presence of his adult son, John Maldonado. The son was available, but did not testify.

Upon final payment, Arias took the plat to an abstract company with directions to prepare a deed conveying Lot 1. Since the city had not approved the plat as a subdivision, the scrivener described the premises by monuments and further by survey description, which embraced that portion of Lot 1 extending into New York Avenue. The deed was accepted by Maldonado, Sr., placed of record, and the premises were subsequently conveyed by him to appellant, Charles Vasquez Maldonado. Thereafter appellant, Charles Vasquez Maldonado, contracted to sell the premises to one, Edward Schmider. In each of these instruments the same description was used as in the deed to Maldonado, Sr. Thereafter Charles Vasquez Maldonado quieted

title thereto, again using the same description as in the original conveyance. It is conceded, however, that the description in the deed is faulty, the place of beginning and the place of ending do not converge at a given point.

█ The trial court's finding that the parties contracted with respect to Lot 1 of said addition has substantial support, even if we might feel differently as to where the weight of the evidence rested. The trial judge, perhaps, gave some significance to the circumstance that the conventional phrase "more or less" in the description, ordinarily covering small discrepancies in areas, National Cylinder Gas Co. v. G. H. Packwood Mfg. Co., Mo.App., 208 S.W.2d 825, was here used only in connection with the call for width and not for length.

The judgment should be affirmed and it is so ordered.

LUJAN, C. J., and SADLER and Mc-GHEE, JJ., concur.

COORS, J., not participating.