642 P.2d 1104

**EL SOL CORPORATION, a Colorado corporation, Plaintiff-Appellee,**

v.

**Barbara JONES and Consolidated Oil & Gas, Inc., a Colorado corporation, Defendants-Appellants.**

No. 13807.

Supreme Court of New Mexico.

March 31, 1982.

Moeller & Burnham, F. D. Moeller, Farmington, for defendants-appellants.

Hynes, Eastburn, Hale & Palmer, Thomas J. Hynes, Farmington, for plaintiff-appellee. ·

OPINION

SOSA, Senior Justice.

This suit results from a series of transactions involving certain minerals conveyed by the president of El Sol Corporation (El Sol), Harry Nichoalds (Nichoalds), to the deceased, William Pauly (Pauly).

El Sol owned the minerals located on the north half of the southwest quarter of Section 2, Township 30 North, Range 12 West, N.M.P.M. On November 20, 1969, Nichoalds conveyed the minerals to Pauly in fee simple absolute for and in consideration of $10.00 and other valuable consideration. The mineral deed was recorded in the San Juan County Clerk's office on November 24, 1969.

On the same day that the mineral deed was executed, Nichoalds prepared a transfer order informing Consolidated Oil & Gas, Inc., that El Sol had conveyed the minerals to Pauly, and directing them to make all future royalty payments to Pauly beginning December 1, 1969. The property on the transfer order was improperly described as the south half of the southwest quarter of the same township and range as in the mineral deed.

On November 13, 1970, Pauly conveyed the minerals in fee simple absolute to his granddaughter, Barbara Jones (then, Barbara Bond), who is the appellant in this suit. This mineral deed was recorded on December 16, 1970. Although the deed provides that Barbara Jones (Jones) paid $10.00 for the minerals, Jones testified at trial that she had not paid any consideration for the minerals, but that her grandfather gave them to her as a gift. On October 19, 1971, Jones leased the minerals to Nichoalds for ten years and for as long thereafter as oil or gas was being produced.

In the spring of 1980, Nichoalds approached Jones and asked her to reconvey the property to him. The basis for his request was a written agreement between El Sol and Pauly, which was entered into one month before El Sol conveyed the minerals to Pauly in 1969. The agreement required that El Sol convey the minerals in question to Pauly, his heirs, successors, assigns, grantees, administrators and executors until Pauly recovered his costs for drilling a certain well, but not to exceed ten years. The property on which the minerals are located was incorrectly described in the agreement. In May 1980, six years after Pauly had died, Nichoalds appeared before a notary and changed the township description of the property from Township 3 North to Township 30 North. Nichoalds placed his initials on the margin to the right of this change. He testified that Pauly's initials were probably on the original. However, Nichoalds did not change the description to the north half of the southwest quarter, but left it as the south half of the southwest quarter, which still differed from the description in the mineral deed.

This agreement was never recorded in the county clerk's office. The trial court found that the agreement was authentic and that the correct description was the north half of the southwest quarter, as in the deed from El Sol to Pauly. The trial court ordered (1) Jones to convey the property back to El Sol, (2) Consolidated Oil & Gas, Inc., to make future royalty payments to El Sol, and (3) the clerk of the court to pay El Sol all royalty monies deposited by Consolidated in the court, which represented royalty payments as of the filing of this action. We reverse the trial court.

The issue we address is whether the agreement between El Sol and Pauly merged with the mineral deed executed by El Sol to Pauly.

Jones contends that the agreement between El Sol and Pauly, which limited the duration of title to the minerals, merged with the original deed and is not binding on her. We agree.

The doctrine of merger, as it exists in New Mexico, was first enunciated in *Nor-*

*ment v. Turley*, 24 N.M. 526, 174 P. 999 (1918), and is best stated in *Continental Life Ins. Co. v. Smith*, 41 N.M. 82, 88–89, 64 P.2d 377, 381 (1936).

In the absence of fraud, mistake, etc., the following stipulations in contracts for the sale of real estate are conclusively presumed to be merged in a subsequently delivered and accepted deed made in pursuance of such contract, to wit: (1) Those that inhere in the very subject-matter of the deed, such as title, possession, emblements, etc.; (2) those carried into the deed and of the same effect; (3) those of which the subject-matter conflicts with the same subject-matter in the deed. In such cases, the deed alone must be looked to in determining the rights of the parties.

But where there are stipulations in such preliminary contract of which the delivery and acceptance of the deed is not a performance, the question to be determined is whether the parties have intentionally surrendered or waived such stipulations. If such intention appears in the deed, it is decisive; if not, then resort may be had to other evidence.

In this case, El Sol and Pauly entered into an agreement whereby El Sol would convey the minerals to Pauly for a term of years. One month later, El Sol delivered and Pauly accepted a mineral deed conveying the minerals to Pauly, his "heirs, successors, personal representatives, administrators, executors, and assigns *forever*." [Emphasis added.] To execute the original agreement, it was necessary for El Sol to deliver title to Pauly. Thus, title to the minerals was the very subject matter of both the agreement and the deed. Under the doctrine of merger, we must look only to the deed to determine the rights of the parties.

Since the deed conveys title to the minerals in fee simple absolute without reservation or without reference to the prior agreement, the prior agreement to convey between the same parties cannot be introduced to vary or contradict the title conveyed by the deed. Title in fee simple absolute vested in Pauly on the day the mineral deed was delivered and accepted. Pauly's subsequent conveyance of the minerals to his granddaughter was not affected by the prior agreement.

The trial court is reversed, and this case is remanded for entry of judgment in favor of Jones.

IT IS SO ORDERED.

PAYNE and RIORDAN, JJ., concur.